IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARK ANTHONY CARTER,   )<br>                                )<br>        Plaintiff,               )<br>                                )<br>v.                              )     Case No. 16-1350-EFM-GEB<br>                                )<br>SPIRIT AEROSYSTEMS, INC.,       )<br>                                )<br>        Defendants.             )<br>                                ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (**ECF No. 13**); Plaintiff's Motion for Extension of Time (**ECF No. 17**); and Defendants' Motion for Extension of Time to File Motion to Compel (**ECF No. 19**). For the reasons outlined below, all Motions are **GRANTED**.

### I.    Nature and Posture of the Case

On September 9, 2016, Plaintiff Mark Anthony Carter filed this case against his former employer, Spirit Aerosystems, Inc., claiming he was unlawfully terminated from his job in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. Plaintiff asserts Defendant excluded him from working overtime, harassed him, threatened him with a job assignment he was physically unable to perform, and subjected him to various types of harassment, in part due to his own disabling conditions and due to his wife's disability. He claims after his internal discrimination complaint to Spirit's

EEO department, he began receiving negative performance reviews and disciplinary action, ultimately leading up to his termination.

Plaintiff was permitted to file his case *in forma pauperis* (ECF No. 4), and after Defendant filed its Answer, the Court held an in-person Scheduling Conference on February 28, 2017 (ECF No. 15). During the conference, Plaintiff made an oral motion to amend his Complaint, which the Court granted (ECF No. 15, at 10), and Plaintiff's deadline to file his amended pleading was set for April 14, 2017. In the course of the February 28 conference, Plaintiff suggested to the Court that he was uncomfortable proceeding pro se, and anticipated seeking appointment of counsel.

Immediately following the conference, Plaintiff filed his Motion for Appointment of Counsel and Declaration of Good Faith Efforts to Obtain Counsel (ECF No. 13). That motion is currently unopposed. One day prior to his deadline for amendment, Plaintiff then submitted his Motion for Extension of Time (ECF No. 17), seeking to extend the deadline for amendment of his Complaint and his deadline to respond to Defendant's first set of discovery requests, until after the Court enters a decision on the appointment of counsel. The Court considers Plaintiff's requests below.

## II.  Motion for Appointment of Counsel (ECF No. 13)

There is no constitutional or statutory right to counsel in an employment discrimination action.[1] Under 42 U.S.C. § 2000e–5(f)(1), "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint

---

[1] *See Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) (citing *Castner v. Colo. Springs Cablevision,* 979 F.2d 1417, 1420 (10th Cir. 1992)).

2

an attorney for such complainant."[2] Likewise, for a party who proceeds *in forma pauperis*, 28 U.S.C. § 1915(e)(1) provides discretionary authority to "request an attorney to represent any person unable to afford counsel."[3] "The discretion granted to the district court [under the statute] is extremely broad."[4] In determining whether to grant Plaintiff's request, this Court is guided by the Tenth Circuit's decision in *Castner v. Colorado Springs Cablevision*.[5]

In *Castner*, the Tenth Circuit identified four factors which are relevant to the district court's discretionary decision whether to appoint counsel: (1) Plaintiff's financial inability to pay for counsel; (2) his diligence in attempting to secure counsel; (3) the existence or nonexistence of meritorious allegations of discrimination; and (4) his capacity to present the case without counsel.[6] By approving Plaintiff's request to proceed *in forma pauperis*, (ECF No. 4), the Court accepts the veracity of his affidavit of poverty and inability to afford legal counsel. The Court also accepts Plaintiff's statement that he has conferred with at least six attorneys who have either declined this case or whom Plaintiff cannot afford to hire. But the Court presently does not have sufficient information to fully evaluate factors 3 and 4.

After review of the pleadings, and observing Plaintiff's appearance at the February 28, 2017 conference, the Court **provisionally** appoints attorney **Randall K. Rathbun**, of

---

[2] *Lister v. City of Wichita, Kansas*, 666 F. App'x 709, 713 (10th Cir. 2016) (citing 42 U.S.C. § 2000e–5(f)(1)).
[3] 28 U.S.C. § 1915(e)(1); *Jackson v. Park Place Condominiums Ass'n, Inc.*, No. 13-2626-CM-GLR, 2014 WL 494789, at *1 (D. Kan. Feb. 6, 2014).
[4] *Lister*, 666 F. App'x at 713 (quoting *Castner*, 979 F.2d at 1420).
[5] 979 F.2d 1417 (10th Cir. 1992).
[6] *Id*. at 1420-21.; *see also Lister*, 666 F. App'x at 713.

Depew Gillen Rathbun & McInteer, LC, to represent Plaintiff.[7] Mr. Rathbun's initial responsibility will be to confer with Plaintiff and make such investigation as may be necessary to assist Plaintiff in the filing of an amended complaint and completion of his responses to Defendant's initial written discovery requests (see schedule below).

If, upon completion of his initial investigation, filing of the Amended Complaint, and service of Plaintiff's initial discovery responses, Mr. Rathbun does not wish to accept permanent appointment, he shall notify the court. In doing so, to the extent consistent with professional responsibility, counsel should report his reasons in order to assist the Court in making further determinations under factors 3 and 4 of the *Castner* test.[8]

**IT IS THEREFORE ORDERED** that Plaintiff's motion for the appointment of counsel (**ECF No. 13**) is provisionally **GRANTED** as set forth above.

The clerk is directed to send this order to Plaintiff by U.S. Mail. Mr. Rathbun will be notified regarding his appointment through the Court's electronic filing system. Upon receipt of this order, **Plaintiff Mark Carter is ordered to contact Mr. Rathbun at 316-262-4000 as soon as possible** to schedule an appointment for consultation.

### III. Plaintiff's Motion for Extension of Time (ECF No. 17)

Plaintiff asks that, due to the perceived complexity of this case and his request for appointed counsel, the Court extend the April 24, 2017 deadline to file his amended

---

[7] Under certain circumstances appointed counsel may be reimbursed for reasonable out-of-pocket expenses which the client is unable to pay. *See* D. Kan. Rule 83.5.3(e)(2) and (f) and 83.5.3.1.

[8] *See supra* note 6 and accompanying text.

complaint, as well as his deadline to respond to Defendant's First Interrogatories and discovery requests (Plaintiff's Motion, ECF No. 17). Defendant did not formally respond, but Defendant's counsel notified the Court it does not oppose Plaintiff's motion. Therefore, the motion (ECF No. 17) is **GRANTED** as unopposed under D. Kan. Rule 7.4.

Taking into consideration the provisional appointment of counsel and duties of counsel described above, Plaintiff's deadline to file his Amended Complaint is extended to **June 23, 2017.** Likewise, the deadline for his responses to Defendant's First Interrogatories and other currently outstanding discovery is extended to **June 30, 2017.**

## IV. Defendant's Motion for Extension of Time to File Motion to Compel (ECF No. 19)

In light of Plaintiff's request to postpone his discovery responses, Defendant filed a motion to extend its deadline to file any motion to compel regarding those responses. Although Plaintiff opposes Defendant's request (see Ex. A, ECF No. 19), the Court recognizes his opposition as simply seeking to wait for rulings on his own pending motions prior to conceding any extensions to Defendant.[9]

Because the Court has now granted Plaintiff's motions, and Plaintiff will proceed with provisional counsel, the Court finds no prejudice to Plaintiff by permitting Defendant to preserve its ability to file any motions regarding Plaintiff's delayed discovery responses. Therefore, Defendant's Motion to Extend Time to File its Motion

---

[9] Plaintiff's email correspondence with Defendant's counsel is included as Ex. A to Defendant's Motion, ECF No. 19. Plaintiff's response reads, in part, "I object on the basis that the court be able to make its rulings on my last two motions filed before any more proceedings."

to Compel is **GRANTED**. Defendant's deadline to file any motion to compel regarding its initial interrogatories and requests for production is extended to **July 31, 2017**.

In light of the above rulings, the status conference currently set for **July 19, 2017 at 11:00 a.m** will proceed **in person**, before the undersigned, in Wichita Courtroom 326. **All remaining deadlines**, aside from those outlined above, are hereby **stayed** pending the July 19 conference.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 22nd day of May, 2017.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge
