# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MARK ANTHONY CARTER,            )
                                )
    Plaintiff,         )
                                )
v.                              )   Case No. 16-1350-EFM-GEB
                                )
SPIRIT AEROSYSTEMS, INC.,       )
                                )
    Defendants.        )
                                )

## ORDER

On August 30, 2017, the Court held an in-person hearing to discuss Plaintiff's Motion to Disqualify and Motion for Protective Order (**ECF No. 31**). Plaintiff Mark Anthony Carter appeared in person, acting pro se. Defendant Spirit Aerosystems, Inc., appeared through counsel Teresa L. Shulda, with Spirit's in-house counsel, Mindy McPheeters, also present. Defendant International Association of Machinists and Aerospace Workers ("IAMAW") appeared through counsel, Thomas E. Hammond. Defendant Foulston Siefkin LLP appeared through counsel, Jeffrey A. Jordan. After consideration of the arguments of the parties and the parties' briefing, the Court announced, at hearing, Plaintiff's Motion is **DENIED** for the reasons outlined below.

## I.  Motion to Disqualify (ECF No. 31)

Plaintiff seeks disqualification of defendants' counsel, Teresa Shulda, and the law firm of Foulston Siefkin LLP under Kansas Rule of Professional Conduct ("KRPC") 3.7. He contends Ms. Shulda may be a witness based upon her earlier role representing Spirit

during Plaintiff's agency complaints to the U.S. Department of Labor ("DOL") and Equal Employment Opportunity Commission ("EEOC"). Spirit and its counsel oppose disqualification, arguing KRPC 3.7 does not support disqualification because it limits its prohibition to advocacy at trial. Spirit further contends none of the factors supporting disqualification are present. The other defendants took no formal position, either by briefing or at hearing, regarding the pending motion.

### A. Legal Standards

As the party seeking disqualification, Plaintiff bears the initial burden to provide enough evidence to establish a prima facie case showing counsel should be disqualified, but the ultimate burden lies with the responding attorney.[1] Plaintiff's motion relies upon KRPC 3.7, which provides:

> (a) A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness except where:
>
>> (1) the testimony relates to an uncontested issue;
>> (2) the testimony relates to the nature and value of legal services rendered in the case; or
>> (3) disqualification of the lawyer would work substantial hardship on the client.
>
> (b) A lawyer may act as an advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

KRPC 3.7. "Under Kansas law, KRPC 3.7(a) requires the opposing party to bear a higher burden on a disqualification motion, permits the court to delay ruling until it can be

---

[1] *Schneider v. CitiMortgage, Inc.*, No. 13-4094-SAC, 2014 WL 6632939, at *2 (D. Kan. Nov. 21, 2014) (citing *United States v. Oyer,* No. 08–2002–CM, 2009 WL 1904308, at *1 (D. Kan. July 1, 2009), *Lowe v. Experian*, 328 F. Supp. 2d 1122, 1125 (D. Kan. 2004)).

2

determined that no other witness could testify, and obviates disqualification if the lawyer's testimony is merely cumulative."[2]

In addition to consideration of Rule 3.7, the District of Kansas applies the *Smithson* test, originating from the Western District of Virginia, to determine whether counsel should be disqualified under KRPC 3.7.[3] "Under the *Smithson* test, a motion for disqualification should not be granted unless:

> (a) the attorney would give evidence that is material to the issue being litigated,
> (b) such evidence is unobtainable from other sources, and
> (c) the testimony is prejudicial or potentially prejudicial to the testifying attorney's client.

Disqualification will not be granted unless <u>all three</u> of the Smithson factors are met."[4]

### B. Discussion

As a threshold issue, it is important to recognize the purpose behind Rule 3.7, which is to avoid any potential confusion at trial resulting from an attorney acting as both advocate and a witness.[5] This underlying purpose does not extend to pretrial matters, outside the review of the jury.[6] Rule 3.7 "does not apply typically to a lawyer's ability to perform pretrial activities."[7] Even if Ms. Shulda were to become a necessary witness later (which she and Defendants dispute), the rule does not prohibit her from acting as counsel during the

---

[2] *Darnell v. Merch.*, No. 17-3063-EFM-TJJ, 2017 WL 2618823, at *3 (D. Kan. June 16, 2017) (citing *United States v. Becker*, No. 10-40077-02-JAR, 2011 WL 93759, at *3 (D. Kan. Jan. 11, 2011) (quoting ABA/BNA Lawyer's Manual on Prof. Conduct § 61.507)).
[3] *Id.* (citing *Schneider*, 2014 WL 6632939, at *2; *LeaseAmerica Corp. v. Stewart*, 19 Kan. App. 2d 740, 751 (1994); *Smithson v. U.S. Fid. & Guar. Co.*, 411 S.E.2d 850, 856 (W. Va. 1991)).
[4] *Id.* (emphasis added; internal citations omitted).
[5] *Id.* (citing *Schneider*, 2014 WL 6632939, at *2; *Lowe*, 328 F. Supp. 2d at 1126).
[6] *Id.* at *5 (internal citations omitted).
[7] *Schneider*, 2014 WL 6632939, at *2.

pretrial process. And, even if Ms. Shulda were prohibited by Rule 3.7 from acting as both advocate and witness at trial, Rule 3.7(b) specifically permits her law firm, Foulston, to continue to represent Spirit.

Additionally, none of the *Smithson* factors are present here. Regarding the first factor, Ms. Shulda does not appear to possess independent evidence material to Plaintiff's underlying employment claims. She was acting as Spirit's attorney throughout the agency investigations by the DOL and EEOC. She does not appear to have independent information, but only the information she presented on behalf of her client. Similarly, regarding the second *Smithson* factor, the evidence which Ms. Shulda would have is otherwise obtainable from Spirit witnesses, many of whom Plaintiff named in his Rule 26 disclosures. And, most likely, any information Ms. Shulda gained in her own investigations is either attorney-client privileged or is protected under the work product doctrine. Finally, regarding the third *Smithson* factor, it is difficult to see how any information Ms. Shulda would provide could be prejudicial to her own client, Spirit. Even though Plaintiff claims she made incorrect statements during the agency investigations, the statement to which he refers is not prejudicial to Spirit.[8]

### C. Conclusion

Under KRPC 3.7, Plaintiff fails to meet his initial burden to show a prima facie case for counsel's disqualification. The Court finds none of the required *Smithson* factors present under these facts, and his motion is DENIED without prejudice to further factual

---

[8] *See* Pl.'s Motion, ECF No. 31, at p. 3, and p. 22.

development after the close of discovery. The issue may be revisited at pretrial conference if Plaintiff raises the issue at that time.[9]

## II. Plaintiff's Motion for Protective Order (ECF No. 31)

Along with Plaintiff's request to disqualify counsel, he asked the Court to enter a protective order regarding Defendants' discovery requests. However, he did not expound upon that statement in his motion.

During the August 30 hearing, Plaintiff explained he was confused about Spirit's discovery requests and the effect the disqualification might have on those requests. After this clarification by Plaintiff, and considering further discussions with the parties at hearing, the Court finds Plaintiff's request for protective order **MOOT**.

## III. Discovery and Scheduling Issues

In light of the earlier stay of deadlines (Order, ECF No. 32), the Court inquired to the parties regarding the progress of discovery. Defendant Spirit disclosed it had served written discovery on Plaintiff and had only recently mailed to him a "conferral letter" outlining its issues with his responses. Plaintiff has not yet received the letter. After discussing the discovery issues with the parties during the hearing, the Court enters the following orders:

The Court finds information regarding Plaintiff's cellular phone provider and records to be relevant to his claims in this case. Therefore, Plaintiff is to respond to Spirit's interrogatories regarding his cellular phone **within seven days** of the filing of this Order.

---

[9] *See Schneider*, 2014 WL 6632939, at *3-4 (denying motion to disqualify without prejudice, and noting it may be appropriate to revisit the issue at the conclusion of discovery, which will permit the facts to be developed)).

5

With regard to Defendant's First Request for Production of Documents, Plaintiff is to review Defendant's requests and provide a complete answer to each individual request. If he possesses responsive documents to each, he must provide copies. If he does not possess responsive information, or the information has been previously provided, he must describe the information previously provided and/or certify he has no additional responsive information in his possession, custody or control. Plaintiff must provide his supplemental responses to Spirit's Requests for Production **within 30 days** of this Order.

Taking into consideration the deadlines established for Plaintiff's supplemental discovery responses to Spirit, the Court extends the deadline for Spirit to file any motion to compel to **45 days** from the date of this Order. The previously-entered stay of all other deadlines remains in place. The Court will convene a status conference to discuss the progress of the above discovery, and the progress of this case, on **October 2, 2017, at 10:00 a.m.**, by telephone, to be initiated by the Court.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Disqualify (**ECF No. 31**) is **DENIED** without prejudice as set forth above. Plaintiff's Motion for Protective Order (**ECF No. 31**) is found to be **MOOT**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 31st day of August, 2017.

                                                  s/ Gwynne E. Birzer
                                                  GWYNNE E. BIRZER
                                                  United States Magistrate Judge