# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MARK ANTHONY CARTER,

*Plaintiff,*

vs.

Case No. 16-1350-EFM-GEB

SPIRIT AEROSYSTEMS, INC., et al.,

*Defendants.*

## MEMORANDUM AND ORDER

This case arises from plaintiff Mark Carter's employment with defendant Spirit Aerosystems, Inc. ("Spirit"). Spirit fired Carter on July 21, 2017 after Carter repeatedly violated the company's call-in policy for employees missing work. In turn, Carter alleges Spirit discriminated against him for taking leave pursuant to the Family Medical Leave Act ("FMLA"), and Spirit only fired him because he filed a complaint about his mistreatment. In addition to filing suit against Spirit, Carter is concurrently bringing a claim against his labor union—International Association of Machinists and Aerospace Workers ("IAM")—for breaching its duty to fairly represent Carter throughout the grievance process against Spirit. Presently before the Court is IAM's motion to dismiss Carter's fair representation claim. For the following reasons, IAM's Motion to Dismiss (Doc. 42) is granted.

# I. Factual and Procedural Background[1]

Carter, a former underwing mechanic for Spirit, was frequently absent from work because of his own work-related injuries and his wife's health condition. Although Carter's absences were excused under the FMLA, Carter alleges that his supervisors withheld the opportunity to work overtime and threatened to transfer him to a more physically demanding job as punishment for missing work.

Carter filed a formal complaint with Spirit's Equal Employment Opportunity Department regarding his mistreatment. After filing the complaint, Carter's mistreatment worsened. Carter alleges his supervisors began retaliating against him by repeatedly harassing him in person and by text message, threatening to discipline him, changing some of his absences in Spirit's system from "excused" to "unexcused," and placing stricter work restrictions on Carter in comparison to Carter's fellow employees.

During this time, Spirit repeatedly disciplined Carter for failing to notify his supervisors that he would be absent on days he was unable to work. Spirit gave Carter multiple warnings and two suspensions for violating the company's call-in policy. On July 21, 2015, Spirit fired Carter for the same conduct.

Between December 14, 2014 and July 27, 2015, Carter filed five grievances with his labor union, IAM.[2] Each grievance was made after Carter was disciplined for missing work without calling his supervisor. Carter's final grievance was in response to Spirit terminating his

---

[1] The facts are taken from Carter's Amended Complaint and are accepted as true for the purposes of this ruling.

[2] Additionally, Carter filed two charges with the Equal Employment Opportunity Commission ("EEOC"). The EEOC was unable to conclude, based on the information Carter provided, that any federal statutes had been violated. The EEOC issued Carter a right-to-sue letter for each of his charges.

employment. On November 17, 2015, IAM and Spirit sent a joint letter to Carter that said: "After a thorough investigation by the Union and the Company, it is agreed that these grievances will not be moved to the next level and are considered closed."

Carter, proceeding pro se, initiated this lawsuit on September 9, 2016. Carter's original complaint only alleged a violation of the Americans with Disabilities Act ("ADA") against Spirit. On June 21, 2017, Carter filed an amended complaint adding three defendants: IAM, Foulston Siefkin LLP, and the U.S. Department of Labor. Carter also added claims under the FMLA, the Kansas Workers' Compensation Act, K.S.A. § 60-1009, common law defamation, and breach of contract.

In July 2017, Spirit moved to dismiss several of Carter's claims, including the "breach of contract" claim. On October 27, 2017, the Court granted Spirit's partial motion to dismiss. In doing so, the Court recognized that Carter's "breach of contract" claim was a hybrid § 301 breach of contract/fair representation claim against Spirit and IAM.[3] The Court held the six-month statute of limitations applicable to such claims began to run on November 17, 2015 when Carter received a letter from IAM and Spirit notifying him that his grievances would not be moved to arbitration and were considered closed. Carter's breach of contract claim was brought outside the statute of limitations and the Court accordingly dismissed the claim.[4] IAM has filed its own motion to dismiss, arguing that Carter's fair representation claim is also barred by the statute of limitations.

---

[3] Carter v. Spirit Aerosystems, Inc., 2017 WL 4865690, at *7 (D. Kan. 2017).

[4] *Id.*

## II.     Legal Standard

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[5] However, the Court cannot "assume the role of advocate for the pro se litigant."[6] The Court will not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[7] The Court need only accept as true a plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[8]

To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, to "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[9] The statute of limitations is generally considered an affirmative defense, but there are times it may be appropriate to resolve a statute of limitations issue at the motion to dismiss stage, especially "when the dates given in the complaint make clear that the right sued upon has been extinguished" and there is no basis for tolling the statute.[10]

---

[5] *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (internal citations omitted).

[6] *Id.*

[7] *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

[8] *Hall*, 935 F.2d at 1110 (citation omitted).

[9] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[10] *Aldrich v. McCulloch Prop., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

### III.     Analysis

Carter brings a hybrid § 301 breach of contract/fair representation claim against Spirit and IAM.[11] On October 27, 2017, the Court dismissed Carter's breach of contract claim against Spirit because it was brought outside the statute of limitations.[12] Here, the Court dismisses Carter's claim against IAM for breaching it duty of fair representation for the same reason.

In *DelCostello*, the United States Supreme Court took the six-month statute of limitations from section 10(b) of the National Labor Relations Act and applied it to hybrid § 301 breach of contract/fair representation claims.[13] When a labor union rejects or abandons an employee's claim during the grievance process, "the six-month statute of limitations begins to run when the employee *learns, or in the exercise of reasonable diligence, should have learned*, of the union's action."[14]

As the Court has already stated while ruling on Spirit's partial motion to dismiss, the statute of limitations began to run when IAM informed Carter his grievances would not be

---

[11] In *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151 (1983), the U.S. Supreme Court explained the nature of a hybrid § 301 claim:

> Such a suit, as a formal matter, comprises two causes of action.  The suit against the employer rests on § 301, since the employee is alleging a breach of the collective bargaining agreement. The suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act.  Yet the two claims are inextricably interdependent.  To prevail against either the company or the Union, employee-plaintiffs must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating a breach of duty by the Union.  The employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both.  *Id.* at 164–65 (internal citations and quotations omitted).

[12] *See Carter*, 2017 WL 4865690, at *8.

[13] *DelCostello*, 462 U.S. at 169–72.

[14] *Edwards v. Int'l Union, United Plant Guard Workers of Am. (UPGWA)*, 46 F.3d 1047, 1053–54 (10th Cir. 1995) (emphasis added) (citation omitted).

pursued further.[15] If IAM breached its duty to fairly represent Carter, then Carter should have known the breach occurred based on the November 17, 2015 letter from Spirit and IAM closing his grievances. Carter filed his suit well after the six-month statute of limitations lapsed and the Court finds no factual basis for tolling the statute of limitations.[16] Therefore, IAM's motion to dismiss is granted.

**IT IS THEREFORE ORDERED** that IAM's Motion to Dismiss (Doc. 42) is **GRANTED**. IAM is hereby dismissed from this suit.

**IT IS SO ORDERED**.

Dated this 3rd day of November, 2017.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[15] *Carter*, 2017 WL 4865690, at *8.

[16] *Id.* (rejecting Carter's argument that IAM's failure to expressly close Carter's first grievance in the November 17, 2015 letter prevented the statute of limitations from barring Carter's claim).