# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MARK ANTHONY CARTER,

      *Plaintiff,*

vs.

      Case No. 16-1350-EFM-GEB

SPIRIT AEROSYSTEMS, INC., et al.,

      *Defendants.*

## MEMORANDUM AND ORDER

Before the Court is a motion to dismiss by Defendant Foulston Siefkin LLP ("Foulston"). Foulston is a law firm that represents Spirit Aerosystems, Inc. ("Spirit")—a co-defendant in this suit. Plaintiff Mark Carter alleges Spirit discriminated against him and ultimately fired him in violation of federal law. In addition to seeking damages against Spirit, Carter has added claims against Foulston for interfering with Carter's rights under the Family and Medical Leave Act ("FMLA") and for common-law defamation. Both claims arise out of Foulston's legal representation of Spirit in response to Carter's claims. For the reasons provided below, the Court grants Defendant Foulston Siefkin LLP's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 38).

## I.    Factual and Procedural Background[1]

Carter initiated this action on September 9, 2016 by bringing a claim against Spirit for a violation of the Americans with Disabilities Act.  On June 21, 2017 Carter filed his Amended Complaint, adding additional claims against Spirit, as well as adding three additional defendants, including Foulston.  The facts that form the basis for Carter's allegations against Spirit—facts the Court summarized in a prior memorandum and order[2]—are largely inconsequential to Foulston's motion presently before the Court.

Foulston's role as a defendant in this case hinges entirely on its representation of Spirit in the underlying discrimination action.  Specifically, Carter's claims against Foulston are based on the actions of Foulston attorney Teresa Shulda during administrative proceedings before the U.S. Department of Labor ("DOL").  Carter alleges that Shulda interfered with his FMLA rights by representing Spirit despite her knowledge that Spirit had wrongfully discriminated against Carter.  Carter also alleges that Shulda defamed his character by providing false information to the DOL investigator.

To support the FMLA interference claim, Carter alleges that Foulston, by virtue of Shulda's conduct, "acted as Plaintiff's employer."  Carter points to the DOL investigative report, where the DOL investigator wrote: "Ms. Shulda stated that *they* would start an interactive dialogue with Mr. Carter . . . [and] also stated *they* would recommend an earlier call-in time for Mr. Carter . . . .  [Lastly,] Ms. Shulda further stated that *she* would discuss the removal of Mr.

---

[1] The facts are taken from Carter's Amended Complaint and are accepted as true for the purposes of this ruling.

[2] *See Carter v. Spirit Aerosystems, Inc.*, 2017 WL 4865690, at *1–3 (D. Kan. 2017).

Carter's [] write-up."   Carter claims Shulda personally participated in Spirit's employment decisions and, therefore, can be held liable as Carter's employer.

Foulston seeks dismissal of both Carter's FMLA interference claim and defamation claim.   Under Carter's first claim, Foulston argues it cannot be held liable under the FMLA because Foulston is not Carter's employer.   Under Carter's second claim, Foulston argues that dismissal is appropriate for two reasons.   The first reason Foulston proffers is the statute of limitations for a defamation claim has lapsed.   The second reason is Foulston is entitled to an absolute litigation privilege for any comments made in the administrative proceeding before the DOL.

## II.   Legal Standard

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[3]   However, the Court cannot "assume the role of advocate for the pro se litigant."[4]   The Court will not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[5]   The Court need only accept as true a plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[6]   To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, to "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[7]

---

[3] *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (internal citations omitted).

[4] *Id.*

[5] *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

[6] *Hall*, 935 F.2d at 1110 (citation omitted).

[7] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

### III.   Analysis

**A.   FMLA Interference**

The Court first considers whether Carter has adequately stated a claim against Foulston for FMLA interference.  "Under the FMLA, an employer may not 'interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA].' "[8]  To establish a prima facie case of interference, a plaintiff must show: (1) plaintiff was entitled to FMLA leave; (2) the *employer's* adverse action interfered with plaintiff's right to take FMLA leave; and (3) the *employer's* adverse action was related to the exercise or attempted exercise of the plaintiff's FMLA rights.[9]

The FMLA broadly defines "employer" to include "any person who acts, directly or indirectly, in the interest of the employer to any of the employees of such employer."[10]  The Tenth Circuit has not addressed whether a law firm representing a company becomes an "employer" to the company's employees under the FMLA.  It appears the only court to have addressed this issue is a district court in the Western District of New York, which held that a FMLA interference claim could not be maintained against the attorneys defending the employer-defendant.[11]  The *Eckert* Court held that "attorneys retained to defend against plaintiff's earlier FMLA suit are simply not [persons] who act, directly or indirectly, in the interest of an employer

---

[8] *Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1180 (10th Cir. 2006) (quoting 29 U.S.C. § 2615(a)(1)).

[9] *Dalpiaz v. Carbon Cty., Utah*, 760 F.3d 1126, 1132 (10th Cir. 2014).

[10] *White v. Graceland Coll. Ctr. for Prof'l Dev. & Lifelong Learning, Inc.*, 2008 WL 4148602, at *5 (D. Kan. 2008) (quoting 29 U.S.C. § 2611(4)(A)(ii)(I)).

[11] *See Eckert v. Schroeder, Joseph & Assocs.*, 364 F. Supp. 2d 326, 328 (W.D.N.Y. 2005).

to any of the employees of such employer."[12]  The *Eckert* Court went on to say it had "located no case which extends the language of § 2611(4)(A)(ii)(I) to include attorneys for an employer or union simply because they represent the employer in matters relating to the employee."[13]

Although the Tenth Circuit is silent on the matter, many circuit courts "have observed that the FMLA's definition of 'employer' largely tracks the definition of 'employer' used in the Fair Labor Standards Act ('FLSA') and have come to the reasoned conclusion that the standards used to evaluate 'employers' under the FLSA should therefore be applied to govern the FMLA as well."[14]  Whether a party meets the "employer" definition under the FLSA depends on "the totality of the circumstances."[15]  Relevant factors include if the party: "(1) has power to hire and fire employees; (2) supervises and controls employee work schedules or conditions of employment; (3) determines the rate and method of payment; and (4) maintains employment records."[16]

Here, although the FMLA's "employer" definition is to be broadly construed, the Court does not construe it so broadly to include Foulston in its capacity as Spirit's legal representative. The Court agrees with the *Eckert* Court that, as a general rule, attorneys retained to defend an employer-defendant against an employee-plaintiff do not become the plaintiff's employer merely by their representation.  Granted, Carter alleges additional facts in support of Foulston taking on

---

[12] *Id.*  (internal quotations omitted).

[13] *Id.*

[14] *Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 422 (2d Cir. 2016) (some citations omitted) (citing *Haybarger v. Lawrence Cty. Adult Prob. & Parole,* 667 F.3d 408, 417–18 (3d Cir. 2012); *Modica v. Taylor,* 465 F.3d 174, 186 (5th Cir. 2006); *Wascura v. Carver*, 169 F.3d 683, 685–86 (11th Cir. 1999)).

[15] *Boxum-Debolt v. Taylor*, 2016 WL 7014020, at *6 (D. Kan. 2016).

[16] *Id.* (citing *Baker v. Flint Eng'g & Constr. Co.*, 137 F.3d 1436, 1440 (10th Cir. 1998)).

an employer role.  For example, Carter alleges that Shulda used inclusive language during the meeting with the DOL investigator indicating Shulda would personally start an interactive dialogue with Carter, recommend an earlier call-in time for Carter, and discuss the removal of Carter's write-ups—instead of saying that Spirit would take these steps.[17]

However, even if Shulda used language indicating she was acting as Carter's employer, what Shulda said at the meeting is not determinative.  Instead the Court looks at the totality of the circumstances, and here the circumstances do not support Carter's claim that Foulston is his employer.  Carter has not alleged that Foulston possessed hiring or firing power, determined the rate and method of payment, or maintained employment records.  Thus, under the four-factor test borrowed from the FLSA, Carter has not alleged any facts that would support weighing the first, second, or fourth factor in his favor.  Only part of the third factor—whether Foulston had a role as a supervisor and controlled Carter's work schedule or conditions of employment—is supported by Shulda's claim that she would recommend an earlier call-in time for Carter.  But this is insufficient to tip the balance in Carter's favor.

After considering the totality of the circumstances, the Court finds that Foulston is not Carter's employer, and therefore Carter's FMLA interference claim against Foulston is dismissed.[18]

_____

[17] The Court recognizes that in Carter's allegations he is directly quoting from the DOL investigator's notes about what Shulda said at the meeting, and that the DOL investigator did not write down Shulda's statements as quotes.  The Court is aware it is entirely possible, if not probable, that the DOL investigator's use of the word "they" was not intended to represent Shulda's actual word choice.  Furthermore, it is equally possible that Shulda—even if she said "we" or "I" at the meeting—merely spoke imprecisely.  However, for the purpose of this motion, the Court will assume that Shulda did say *she* would perform these actions.

[18] Even if Foulston was Carter's employer, the FMLA interference claim would still be dismissed.  The second element of such a claim requires a showing that the "employer's adverse action interfered with [Carter's] right to take FMLA leave."  Foulston's actions include starting an interactive dialogue, recommending an earlier call-in time, and discussing the removal of Carter's write-ups.  These acts by themselves do not constitute an adverse action that would interfere with Carter's FMLA leave.

**B.    Defamation**

Next, the Court considers Foulston's request to dismiss Carter's defamation claim. Foulston argues the defamation claim should be dismissed because it is entitled to an absolute litigation privilege and because the statute of limitations has run.    Either argument, if true, justifies dismissing Carter's claim.

"A defamation claim includes the following elements: (1) false and defamatory words; (2) communicated to a third person; and (3) which result in harm to the reputation of the person defamed."[19]    "Privilege is an affirmative defense to defamation, and may be either absolute or qualified."[20]    Whether a communication is privileged is a question of law for the Court to decide.[21]    This Court has previously found, and the Tenth Circuit affirmed, that an absolute privilege applies not only to communications to the courts, but also to quasi-judicial proceedings before administrative bodies.[22]

Carter's defamation claim relies entirely on statements Shulda made to the DOL investigator during Carter's administrative proceedings.    Shulda's communications to the DOL investigator are entitled to an absolute privilege, which is an affirmative defense to Carter's defamation claim.    Therefore, Carter's defamation claim is dismissed and it is unnecessary for the Court to consider whether Carter's claim was brought within the statute of limitations.

---

[19] *Michaels v. City of McPherson, Kan.*, 2014 WL 3107966, at *10 (D. Kan. 2014) (internal quotations and citations omitted).

[20] *Hobson v. Coastal Corp.*, 962 F.Supp. 1407, 1411 (D. Kan. 1997) (citing *Turner v. Halliburton Co.*, 722 P.2d 1106 (Kan. 1986)).

[21] *See Castleberry v. Boeing Co.*, 880 F.Supp. 1435, 1443 (D. Kan. 1995).

[22] *Keeler v. ARAMARK*, 2013 WL 1568039, at *7 (D. Kan. 2013), *aff'd*, 536 F. App'x 771 (10th Cir. 2013); *see also Batt v. Globe Eng'g Co.*, 774 P.2d 371, 375 (Kan. Ct. App. 1989).

**IT IS THEREFORE ORDERED** that Foulston's Motion to Dismiss (Doc. 38) is

**GRANTED**.  Foulston is hereby dismissed from this suit.

**IT IS SO ORDERED**.

Dated this 13th day of November, 2017.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE