# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MARK ANTHONY CARTER,

    *Plaintiff,*

vs.

    Case No. 16-1350-EFM-GEB

SPIRIT AEROSYSTEMS, INC., et al.,

    *Defendants.*

## MEMORANDUM AND ORDER

    Pro se plaintiff Anthony Carter seeks monetary damages against his former employer, Spirit Aerosystems, Inc. ("Spirit"), his former labor union, International Association of Machinists and Aerospace Workers ("IAM"), Spirit's legal representative, Foulston Siefkin LLP ("Foulston"), and the United States Department of Labor ("DOL").  Currently before the Court is the DOL's Motion to Dismiss (Doc. 71).  It is the fourth motion to dismiss that the Court has considered in this case.  For the reasons stated below, the Court grants the DOL's Motion to Dismiss.

### I.     Factual and Procedural Background[1]

    Carter, a former underwing mechanic for Spirit Aerosystems, Inc. ("Spirit"), frequently missed work because of his own work-related injuries and his wife's health condition.  Carter

---

[1] The facts are taken from Carter's Amended Complaint and are accepted as true for the purposes of this ruling.

maintains that all of his absences were excused leaves of absence under the Family Medical Leave Act ("FMLA").[2] On August 25, 2014, Carter's former manager, Trey Fredrick, told Carter that he would not be offered the opportunity to work overtime because he was so frequently absent from work. Furthermore, Carter says Frederick and Lori Myers—another Spirit supervisor—threatened and attempted to transfer him to the physically demanding "aft cowling" position. Fredrick and Myers insisted Carter work in the "aft cowling" position despite Carter's injury history and upcoming doctor's appointment where he intended to receive medical restrictions on how much heavy lifting he could do.

On August 28, 2014, Carter filed an internal complaint with Spirit's Equal Employment Opportunity Department regarding his perceived mistreatment. Carter claims Frederick and Myers retaliated against him for making the complaint by repeatedly harassing him in person and by text message, threatening to discipline him, changing some of his absences in Spirit's system from "excused" to "unexcused," and placing him on stricter work restrictions—for example, requiring he ask permission before taking restroom breaks.

During this time, Spirit repeatedly disciplined Carter for failing to notify his supervisors that he would be absent on days he was unable to work. Spirit gave Carter multiple warnings and two suspensions for violating the company's call-in policy. On July 21, 2015, Spirit fired Carter for the same conduct.

Between December 14, 2014 and July 27, 2015, Carter filed five grievances with his labor union, the International Association of Machinists and Aerospace Workers ("IAM"). Each grievance was made after Carter was disciplined for missing work without calling his supervisor.

---

[2] 29 U.S.C. § 2601, *et seq.*

Carter's final grievance was in response to Spirit terminating his employment. On November 17, 2015, IAM and Spirit sent a joint letter to Carter that said: "After a thorough investigation by the Union and the Company, it is agreed that these grievances will not be moved to the next level and are considered closed."

Carter also filed two charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"). The first charge was filed in 2014 while Carter still worked for Spirit. On May 6, 2015, the EEOC notified Carter that his first charge would be dismissed and provided Carter a right-to-sue letter. The EEOC letter said:

> Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. . . . This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit *must be filed within 90 days of your receipt of this notice*; or your right to sue based on this charge will be lost. (Emphasis in original).

Carter filed a second charge with the EEOC after he was fired—that charge was likewise dismissed by the EEOC and Carter was issued a second right to sue letter on June 13, 2016.

Carter, proceeding pro se, initiated this lawsuit on September 9, 2016. Carter's original complaint alleged only a violation of the Americans with Disabilities Act ("ADA")[3] against Spirit. On June 21, 2017, Carter filed an amended complaint adding three defendants: Foulston Siefkin LLP ("Foulston"), Spirit's counsel in this case; IAM; and the DOL. Carter also added claims under the FMLA, the Kansas Workers' Compensation Act,[4] K.S.A. § 60-1009,[5] common law defamation, and breach of contract.

---

[3] 42 U.S.C. § 12101, *et seq.*

[4] K.S.A. § 44-501, *et seq.*

[5] K.S.A. § 60-1009 is a Kansas civil procedure statute that governs how the clerk of the court should distribute the proceeds from a court-ordered sheriff's sale of personal property. Carter requested to file a Second Amended

-3-

The Court dismissed some of the claims against Spirit and all the claims against Foulston and IAM.  The Court now dismisses all the claims against the DOL.

## II.     Legal Standard

Federal Rule of Civil Procedure 12(b)(1) governs dismissal based on subject matter jurisdiction.  "[F]ederal courts are tribunals of limited jurisdiction with only those powers conferred by Congress."[6]  Courts "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking."[7]  Because federal courts are courts of limited jurisdiction, they presume a lack of jurisdiction.[8]  Plaintiff bears the burden of alleging sufficient facts to overcome this presumption.[9]  "The United States, including its agencies and employees, is immune from suit unless and only to the extent it consents to be sued by waiving sovereign immunity."[10]  A plaintiff who seeks to bring suit against the United States may not rely on the general federal question jurisdiction of 28 U.S.C. § 1331, but must identify a specific statutory provision that waives the government's sovereign immunity.[11]  The waiver must be unequivocally

---

Complaint, which would clarify that he meant instead to bring a claim under K.S.A. § 44-1009, a provision dealing with employment discrimination.  The Court denied that request, Doc. 62, and will consider Carter's claims as he presented them in his Amended Complaint.

[6] *Wyeth Lab. v. U. S. Dist. Ct.*, 851 F.2d 321, 324 (10th Cir. 1988) (citing 32A Am. Jur. 2d Federal Practice and Procedure § 1228 (1982)).

[7] *Scheideman v. Shawnee Cty. Bd. of Cty. Comm'rs*, 895 F. Supp. 279, 280 (D. Kan. 1995) (quoting *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)) (internal quotation marks omitted); Fed. R. Civ. P. 12(h)(3).

[8] *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999) (citation omitted).

[9] *Id.*

[10] *Myers v. United States*, 2013 WL 5596813 at *6 (D. Kan. 2013) (citing *United States v. Testan*, 424 U.S. 392, 399 (1976)).

[11] *Id.*

expressed and will be strictly construed in the government's favor.[12]  Plaintiff again bears the burden to show waiver of sovereign immunity.[13]

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to state a claim.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' "[14]  "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[15]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[16]  In determining whether a claim is facially plausible, the court must draw on its judicial experience and common sense.[17]  All well-pleaded facts in the complaint are assumed to be true and are viewed in the light most favorable to the plaintiff.[18]

Plaintiff has filed his Amended Complaint pro se.  A pro se plaintiff's pleadings are to be construed liberally and are held to a less stringent standard than formal pleadings drafted by

---

[12] *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992).

[13] *Syndes v. United States*, 523 F.3d 1179, 1183 (10th Cir. 2008).

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[15] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphases in original).

[16] *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quoting *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)) (internal quotation omitted).

[17] *Iqbal*, 556 U.S. at 678.

[18] *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

lawyers.[19]  This means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[20]  The district court, however, does not have to assume the role of advocate for the pro se litigant.[21]

### III.   Analysis

Carter's Amended Complaint did not specify which of his claims applied to which defendant.  For the purposes of this ruling, the Court will assume that Carter asserted all his listed claims against the DOL.

### A.    Rule 12(b)(1) – Lack of Subject-Matter Jurisdiction

The DOL first argues that the Court does not have subject-matter jurisdiction over the matter because the United States has not waived its sovereign immunity.  The DOL contests that Carter did not follow the necessary procedure required by the Federal Tort Claims Act ("FTCA")[22] to sue the Federal Government.  Carter counters that he is not asserting jurisdiction under the FTCA, but instead under the Little Tucker Act.[23]  Because the FTCA waives sovereign immunity for certain state law tort claims and the Little Tucker Act waives sovereign immunity for certain claims under federal law, and because Carter asserts a mix of state and federal claims, the Court's

---

[19] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted).

[20] *Id.*

[21] *Id.*

[22] 28 U.S.C. § 1346(b).

[23] 28 U.S.C. § 1346(a)(2).

-7-

exercise of jurisdiction must be based on the FTCA for some claims and the Little Tucker Act for others.

    *1.     FMLA Claim*

The only claim that Carter directly asserts against the DOL in his Amended Complaint is a violation of the FMLA. Carter alleges that "[t]he United States Department of Labors [sic] Wade [sic] and Hour Division Interfered [sic] with my FMLA by allowing all of the FMLA protected Leaves of Absences [sic] I took and had the hours taken out of my 1250 hours of Leave intitlement [sic] to be subjected to discipline and termination." Because the FMLA is a federal law, the Court has jurisdiction over this claim only under the Little Tucker Act. The Little Tucker Act contains an amount-in-controversy limitation of $10,000, and Carter disclaims any amount in excess of $10,000 in order to qualify for its application to his claim.[24]

The Little Tucker Act is a gap-filling statute, allowing recovery under federal laws and regulations that do not contain their own self-executing remedial schemes.[25] "[W]hen a law assertedly imposing monetary liability on the United States contains its own judicial remedies," the Little Tucker Act does not apply.[26] In that instance, the Court must look to the law at issue—in this case, the FMLA—to determine whether Congress has waived sovereign immunity.[27]

In *Bormes*, the Supreme Court held that the Little Tucker Act did not apply to the Fair Credit Reporting Act ("FCRA"). The FCRA contains a self-executing remedial framework

---

[24] *See Zumerling v. Devine*, 769 F.2d 745, 748 (Fed. Cir. 1985) ("[T]he district court is provided jurisdiction of claims [under the Little Tucker Act] which arguably may exceed $10,000 if a waiver to recovery in excess of $10,000 is made.").

[25] *United States v. Bormes*, 568 U.S. 6, 13 (2012).

[26] *Id.* at 12.

[27] *Id.* at 15.

because "[i]ts provisions 'set out a carefully circumscribed, time-limited, plaintiff-specific' cause of action, and 'also precisely define the appropriate forum.' "[28]  The Court did not decide whether the FCRA waived sovereign immunity, only that the Little Tucker Act did not apply.

Here, the FMLA also contains a self-executing remedial framework.  The FMLA provides a right of action to recover damages caused by a violation of the FMLA by "any one or more employees" against "any employer (including a public agency) in any Federal or State court of competent jurisdiction."[29]  In addition to any damages awarded, the court must allow "a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant."[30]  Such cause of action must be brought by the employee within two years of the "last event constituting the alleged violation for which the action is brought."[31]  Because the FMLA has no gaps for the Little Tucker Act to fill, Carter cannot rely on the Little Tucker Act to assert a waiver of sovereign immunity.

Carter does not claim that the FMLA waives the sovereign immunity of the DOL, only that the Little Tucker Act does.  The Court will not assume the role of advocate for Carter and will not consider whether the FMLA waives sovereign immunity.

   *2.     ADA Claim*

Like the FMLA, the ADA is a federal law; therefore, the Court may exercise jurisdiction only if the Little Tucker Act operates to waive sovereign immunity as to this claim.  Like the

---

[28] *Id.* (quoting *Hinck v. United States*, 550 U.S. 501, 507 (2007)).

[29] 29 U.S.C. § 2617(a)(2).

[30] 29 U.S.C. § 2617(a)(3).

[31] 29 U.S.C. § 2617(c)(1).

FMLA, the ADA contains its own self-executing scheme.[32] The ADA provides a cause of action for an employee alleging an unlawful employment practice, establishes jurisdiction in the federal district courts, sets a limitations period, authorizes appeals, and allows for an award of attorney's fees and costs.[33] Like the FMLA, the ADA is not covered by the Little Tucker Act, and Carter failed to argue that the ADA waives sovereign immunity, so the Court lacks the authority to address this claim.

### 3. *Kansas Workers Compensation Claim*

Carter's next claim is under the Kansas Workers Compensation Act. Because it is a state, not federal, law, any waiver of sovereign immunity must come from the FTCA. The FTCA requires, among other things, that a plaintiff first present his claim to the appropriate agency.[34] Only after the agency denies the claim or fails to act on it within six months can the plaintiff file a complaint in the district court.[35] Carter has not shown that he presented his claim to the DOL and that the DOL denied it or failed to act on it for six months before he filed his present complaint. Because Carter did not comply with the requirements of the FTCA, he cannot show that the DOL has waived sovereign immunity. Therefore, the Court lacks the authority to address this claim.

### 4. *Kansas Civil Procedure Claim*

As mentioned above, the Kansas statute under which Carter next makes a claim has no bearing on this case whatsoever; he cited it by mistake. The Court will not even address whether

---

[32] 42 U.S.C. § 12117(a) points to 42 U.S.C. §§ 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9 for the procedures for enforcing the ADA.

[33] 42 U.S.C. § 2000e-5.

[34] 28 U.S.C. § 2675(a).

[35] *Id.*

it states a claim because Carter has not alleged that the DOL waived sovereign immunity from this "claim."

### 5. *Defamation and Breach of Contract Claims*

Carter's final two claims sound in tort law. If the United States waived sovereign immunity as to these two claims, it would have been pursuant to the FTCA. As stated above, the FTCA requires that the plaintiff first present his claim to the appropriate agency, i.e., the DOL. This Carter failed to do. The FTCA also specifically excludes from its coverage "[a]ny claim arising out of . . . libel, slander, misrepresentation, . . . or interference with contract rights."[36] The DOL has not waived sovereign immunity from these claims, so the Court lacks the authority to address them.

## B. Rule 12(b)(6) – Failure to State a Claim

The DOL argues that, even if the Court may exercise jurisdiction over these claims, Carter has failed to state a claim upon which relief may be granted, and that his Amended Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Because the Court has determined that it lacks jurisdiction, it cannot address whether Carter stated a valid claim in his Amended Complaint.

## IV. Conclusion

The DOL, as a public agency of the United States, enjoys sovereign immunity unless it waives that immunity. The burden to prove waiver rests on Carter. Carter has failed to show that the DOL waived sovereign immunity as to any of his claims. Therefore, the Court does not have jurisdiction over Carter's claims against the DOL.

---

[36] 28 U.S.C. § 2680(h).

**IT IS THEREFORE ORDERED** that Defendant United States Department of Labor's Motion to Dismiss (Doc. 71) is hereby **GRANTED**. Defendant United States Department of Labor is dismissed from this case.

**IT IS SO ORDERED**.

Dated this 1st day of June, 2018.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE