# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARK ANTHONY CARTER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SPIRIT AEROSYSTEMS, INC., )<br>)<br>Defendants. )<br>) | Case No. 16-1350-EFM-GEB |

## ORDER

On August 17, 2018, the Court held a conference to discuss Plaintiff's Motion for Extension of Time to File Motion for Leave to File Second Amended Complaint (**ECF No. 95**), as well as other concerns raised by the parties. Plaintiff Mark Anthony Carter appeared on his own behalf. Defendant Spirit Aerosystems, Inc., appeared through counsel Teresa L. Shulda. After consideration of the arguments of the parties and the parties' briefing, the Court announced, at conference, Plaintiff's Motion is **GRANTED**. In addition to this ruling, the Court delivered a number of rulings on oral motions[1] of the parties and other discovery issues raised during the conference, including: 1) joint selection of a mediator (ECF No. 102); 2) location, time, and length of Plaintiff's deposition (ECF No. 103); 3) request and scheduling of a Rule 35 examination (ECF No. 104); and 4) Plaintiff's untimely request for a motion compelling Defendant to respond to Plaintiff's discovery requests (ECF

---

[1] Although the motions were presented orally, they have been added to the electronic docket for statistical purposes.

No. 105). Although all issues were discussed and ruled upon at conference, this Order memorializes the Court's oral rulings.

I. **Motion for Extension of Time (ECF No. 95)**

Plaintiff seeks a two-week extension of time of his July 27, 2018 deadline to file his motion for leave to amend his complaint. He contends newly-received discovery leads him to believe he should add additional defendants, and it has taken him a considerable amount of time and effort to review the more than 3,000 pages of documents produced by Defendant on July 10, 2018. Defendant opposed any extension in its briefing, primarily in light of the looming September 28, 2018 discovery deadline and how any motion, its related briefing, and time for the Court's decision, could affect that deadline. After discussion by the Court and parties, Defendant admitted that, in the event the discovery deadline is extended and Defendant reserves the opportunity to reopen Plaintiff's deposition to explore any new claims, Defendant probably lacks any prejudice from allowing Plaintiff an extension.

After thorough discussion and consideration of the arguments set forth by the parties, the Court **GRANTS** Plaintiff's Motion for Extension of Time to File a Motion for Leave to Amend. (**ECF No. 95**.) Plaintiff must file his motion no later than **August 24, 2018**. Defendant will be given the standard two-week response period, but **no replies will be permitted**. In the event the Court deems it necessary, a date for oral argument may be set after the Court receives the parties' briefs.

II. **Mediation Issues (ECF No. 102)**

Prior to the hearing, the parties submitted email correspondence outlining their dispute regarding the selection of a mediator for formal mediation. Highly summarized, the

parties conferred, and were unable to agree on a mediator. Defendant asked the Court to appoint a U.S. Magistrate Judge as mediator, but Plaintiff had concerns regarding what he perceived as a potential conflict with that Magistrate Judge.

After a through discussion regarding the nature of the perceived conflict, the pros and cons of a private mediator versus a court mediation, and issues with the process of mediation itself, Plaintiff agreed to abide by this Court's decision on the appropriate selection of a mediator. Therefore, the parties are ordered to participate in mediation with Honorable Kenneth G. Gale in the U.S. District Court in Wichita, Kansas. The parties shall contact Judge Gale's chambers to obtain a mediation date as soon as possible, and must file a Joint Notice of Mediation stating the firmly scheduled date, time, and place of mediation by **September 7, 2018**. Absent further order of the court, mediation must be held no later than **October 5, 2018**. An ADR report must be filed by defense counsel within 14 days of mediation, using the form located on the court's website.

### III.     Plaintiff's Deposition (ECF No. 103)

The parties also discussed concerns regarding the location, timing, and length of Plaintiff's deposition. Plaintiff prefers his deposition be held in the courthouse. His availability was also an issue, as he is unavailable until August 27 and cannot begin a deposition until 9:30 a.m. Defense counsel was concerned about the logistics of a courthouse deposition, and her ability to complete discovery within the confines of a looming discovery deadline.

After discussion, the Court entered the following orders: Plaintiff's deposition shall occur in the U.S. Courthouse in Wichita, Kansas. The parties must contact the

undersigned's courtroom deputy to make arrangements for a specific room location. The deposition will begin at **9:30 a.m. on August 27, 2018**, and may last up to 8 hours. In the event the deposition is not concluded by close of business, Plaintiff shall appear for deposition each and every day until such time as the deposition is either concluded or adjourned.[2]

**IV.     Rule 35 Exam and Scheduling Issues (ECF No. 104)**

During the hearing, Defendant raised the issue of a potential examination of Plaintiff pursuant to Fed. R. Civ. P. 35 and a potential briefing schedule in light of the looming discovery deadline. Because there is not yet a trial date established for this case, the Court proposed extending the discovery deadline to accommodate not only Plaintiff's deposition and his anticipated motion for leave to amend his complaint, but to also allow the parties additional time to discuss a Rule 35 exam and to brief any opposition to the same.

Therefore, the remaining deadlines in this matter are **STAYED** and the parties are **ORDERED** to confer and propose a new schedule to govern the remainder of this case. the parties must submit the proposed schedule to the Court by email to ksd_birzer_chambers@ksd.uscourts.gov **no later than August 31, 2018**.

**V.     Plaintiff's Oral Motion to Extend Time to File a Motion to Compel
        (ECF No. 105)**

During the July 10, 2018 hearing in this matter (*see* ECF Nos. 93, 94), Plaintiff outlined his frustration with Defendant's objections to some of his discovery requests.

---

[2] Plaintiff advised the Court of his intent to seek leave to amend his complaint to add additional defendants. In the event Plaintiff's motion is successful, Defendant may need to seek additional discovery via Plaintiff's deposition as to his claims against any additional defendants added to the litigation.

4

Because of the volume of documents Defendant produced on the day of the hearing, the Court recommended that Plaintiff review Defendant's additional discovery responses and confer with defense counsel, including preparing any necessary Golden Rule letter, prior to filing any motion to compel discovery. Plaintiff now reports he emailed defense counsel on August 16 to outline his concerns with the discovery responses, but Defendant informed him that his 30 days to file a motion to compel under D. Kan Rule 37.1(b) has expired. Plaintiff explains he understood the Court's prior instruction to "steer him in the direction of working things out" rather than filing a motion, and he was consumed with reviewing the 3,000-page discovery responses and researching his amendment issues, and inadvertently let his motion deadline lapse.

Defendant opposes allowing Plaintiff file an untimely motion to compel, and contends, despite Plaintiff's pro se status, he is required to comply with both federal and local rules, and he waited until the night prior to this conference to email Defendant with his concerns. Defendant argues Plaintiff is at least 10 days past his 30-day deadline to file any motion, he failed to confer with Defendant as required, and failed to file a timely motion.

After weighing the arguments of the parties, and taking into consideration the volume of documents Plaintiff was required to review, his pro se status, and his attempts to comply with the Court's prior directives, the Court finds he has demonstrated excusable neglect for failing to file a timely motion.[3] Plaintiff has acted in good faith, and the length of the delay

---

[3] *See Layne Christensen Co. v. Purolite Co.*, No. 09-2381-JWL, 2011 WL 124538, at *1 (D. Kan. Jan. 14, 2011) (outlining, "the proper standard to determine if [a motion to compel] should be allowed out of time is not a showing of good cause, but rather a showing of excusable neglect. The factors used to determine excusable neglect include: (1) whether the movant acted in good faith; (2) reason for the delay, including whether it was within the reasonable control of the movant; (3)

5

is minimal.  Furthermore, considering the stayed schedule, there is little, if any, prejudice to Defendant by Plaintiff filing his motion, and the judicial proceedings will not be delayed.

Plaintiff's oral motion to file an untimely motion to compel is **GRANTED**.  Plaintiff has until the **end of the business day on Monday, August 20**, to discuss with defense counsel and/or issue a written "Golden Rule" letter outlining his concerns with Defendant's discovery responses.  Plaintiff must file his motion to compel no later than **August 31, 2018**. No further extensions will be granted, and the Court will expect Plaintiff to strictly comply with the timing outlined in D. Kan. Rule 37.1(b) for any future motions to compel.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Extension of Time to File Motion for Leave to File Second Amended Complaint (**ECF No. 95**) is **GRANTED,** and his oral motion to extend time to file a motion to compel is **GRANTED** as set forth above.  Aside from deadlines established in this order, the remaining deadlines in this matter are **STAYED** pending the parties' submission of a new schedule; *however*, the telephone conference currently set for **September 4, 2018, remains**.  The following chart outlines the deadlines established herein:

---

danger of prejudice to the nonmoving party; and (4) length of the delay and its potential impact on judicial proceedings.") (internal citations omitted).

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Plaintiff to confer w/ defense counsel and/or issue a written "Golden Rule" letter | End of day 8/20/18 |
| Plaintiff's Motion for Leave to Amend<br>Defendant's Response | 8/24/18<br>9/7/18 |
| Plaintiff's Deposition | 8/27/18 @ 9:30 a.m. |
| Jointly proposed schedule submitted to court | 8/31/18 |
| Joint Notice of Mediation<br>Mediation deadline | 9/7/18<br>10/5/18 |
| Plaintiff's Motion to Compel | 8/31/18 |
| Status conference (telephone) | 9/4/18 @ 11:00 a.m. |

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 17th day of August, 2018.

                                      s/ Gwynne E. Birzer
                                      GWYNNE E. BIRZER
                                      United States Magistrate Judge