## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **MARK ANTHONY CARTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 16-1350-EFM-GEB** |
| | ) | |
| **SPIRIT AEROSYSTEMS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On October 12, 2018, the Court held a motion hearing on the following pending motions: 1) Plaintiff's Motion for Leave to File Second Amended Complaint (**ECF No. 108**); 2) Plaintiff's Motion to Compel (**ECF No. 120**); and 3) Defendant's Motion for Extension of Time to file a motion to compel (**ECF No. 122**). Plaintiff Mark Anthony Carter appeared on his own behalf. Defendant Spirit Aerosystems, Inc., appeared through counsel Teresa L. Shulda. After consideration of the arguments of the parties and the parties' briefing, the Court announced, at hearing, Plaintiff's Motions (**ECF Nos. 108, 120**) are **DENIED**, and Defendant's Motion (**ECF No. 122**) is found as **MOOT**. This Order memorializes the Court's oral rulings.

After these decisions were announced, Plaintiff filed a Motion for Extension of Time to File a Motion to Reconsider the Court's orders (**ECF No. 130**). For good cause shown, and because the motion is unopposed by Defendant, the Court **GRANTS** Plaintiff's Motion for Extension of Time (**ECF No. 130**).

# I. Background

The nature of this 2016 case has been explored numerous times in prior orders, and will not be repeated in detail here. (*See, e.g.*, ECF Nos. 20, 62, 64, 67.) Briefly, Plaintiff claims his former employer, Spirit Aerosystems, Inc. ("Spirit"), unlawfully terminated him in violation of the Americans with Disabilities Act ("ADA")[1] and Family and Medical Leave Act ("FMLA").[2] He contends his termination was a result of discrimination and in retaliation for making formal complaints about Spirit's treatment of him. Despite numerous delays, discovery is currently set to conclude on November 30, 2018 and the matter is set for pretrial conference on December 19, 2018. (*See* Revised Scheduling Order, ECF No. 113.) After the filing of the present motions, the Court set the matter for hearing in an effort to keep the case moving forward.

# II. Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 108)

Plaintiff filed his case on September 9, 2016. He previously amended his complaint in June 2017, naming as additional defendants the International Association of Machinists and Aerospace Workers ("IAM"); Foulston Siefkin LLP ("Foulston") (defense counsel for Spirit); and the United States Department of Labor ("DOL"). (ECF No. 21.) Although he did not name them as defendants, in his amended complaint Plaintiff claims his former Spirit manager, Trey Frederick, and another Spirit supervisor, Laurie Myers,[3] mistreated

---

[1] 42 U.S.C. §§ 12101 et seq.
[2] 29 U.S.C. § 2601 et seq.
[3] In the body of the Amended Complaint (ECF No. 21), Plaintiff refers to these individuals as "Trey Fredrick" and "Lori Myers" but in an attachment to the same document, he refers to them as "Leonard 'Trey' Frederick" and "Laurie Meyers." (ECF No. 21 at 28.) Spirit refers to them as

him and retaliated against him after he made internal complaints. (*See generally* ECF No. 21; ECF No. 62 at 2.)

Plaintiff again sought to amend his complaint on July 21, 2017, to add defendants and correct perceived errors in his pleading, but District Judge Eric F. Melgren denied his motion for two reasons. First, Plaintiff failed to follow the local rules requiring a party to provide a copy of the proposed amendment. (Order, ECF No. 62, filed Oct. 27, 2017.) Second, Judge Melgren found some of his proposed amended claims would be futile. (*Id.*) Later, the district court dismissed defendants IAM (Order, ECF No. 64), the Foulston firm (Order, ECF No. 67), and the DOL (Order, ECF No. 87) from the case.

After the denial of his motion to amend in October 2017, Plaintiff made no further attempt to amend his pleadings until he filed the instant motion on August 24, 2018. Unlike his First Amended Complaint (ECF No. 21), which is 15 pages long with nearly 200 pages of exhibits, Plaintiff's proposed Second Amended Complaint—attached to his motion—is only three pages long, although he proposes to file exhibits under seal if given leave to do so. (ECF No. 108, 108-1.) The proposed amendment includes claims against Spirit Aerosystems and Spirit Holdings, and adds FMLA retaliation claims against the following individuals in their individual capacities: Trey Fredrick (Plaintiff's 2nd-level manager at Spirit), Laurie Myers (his manager), Laura Breese (Spirit HR employee), Dylan King[4]

_____

"Trey Frederick" and "Ms. Myers." For the sake of consistency, the Court refers to the two individuals as Trey Frederick and Laurie Myers.

[4] Plaintiff's Proposed Second Amended Complaint names "Dillon King." (ECF No. 108-1, at 1.) Spirit's briefing identifies its former counsel as "Dylan King," as does the EEOC's Notice of Rights attached to Plaintiff's First Amended Complaint (ECF No. 21 at 17). The Court will refer to this individual as "Dylan King" for the sake of consistency.

(former in-house counsel at Spirit), and defense counsel Teresa Shulda (a member of Foulston). He also proposes a claim of retaliation against the IAM.

## A.    Legal Standard

Fed. R. Civ. P. 15 provides the well-established standard by which this motion is considered. A party may amend its pleading as a matter of course under Rule 15(a)(1) within 21 days after serving it. However, in cases such as this, where the time to amend as a matter of course has passed, without the opposing party's consent, a party may amend a pleading only by leave of the court under Rule 15(a)(2).

Rule 15(a)(2) provides leave "shall be freely given when justice so requires," and the decision to allow an amendment is within the sound discretion of the court.[5] The court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment.[6] In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities."[7] The Tenth Circuit has respectfully made clear, and this Court has repeatedly acknowledged, that Rule 15 is intended "to provide litigants 'the maximum opportunity for each claim to be decided on its

---

[5] *See J. Vangel Elec., Inc. v. Sugar Creek Packing Co.*, No. 11–2112–EFM, 2012 WL 5995283, at *2 (D. Kan. Nov. 30, 2012) (citing *Panis v. Mission Hills Bank*, 60 F.3d 1486, 1494 (10th Cir. 1995)).

[6] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Monge v. St. Francis Health Ctr., Inc.*, No. 12–2269–EFM-JPO, 2013 WL 328957, at *2 (D. Kan. Jan. 10, 2013) report and recommendation adopted, 2013 WL 328986 (D. Kan. Jan. 29, 2013).

[7] *Hinkle v. Mid-Continent Cas. Co.*, No. 11–2652–JTM-KMH, 2012 WL 2581000, at *1 (D. Kan. July 3, 2012) (citing *Koch v. Koch Indus.*, 127 F.R.D. 206, 209 (D. Kan. 1989)).

merits rather than on procedural niceties,'"[8] especially in the absence of bad faith by an offending party or prejudice to a non-moving party.[9]

D. Kan. Rule 15.1 requires a party seeking leave to amend a pleading to include a copy of the proposed amendment with the motion. Although a pro se party is permitted greater leniency than a party with legal representation, "a plaintiff's pro se status does not relieve him from complying with this Court's procedural requirements."[10] The "purpose of Rule 15.1 is to compel parties to provide the Court with the information it needs to determine whether a motion to amend is warranted. Without a copy of the proposed pleading, the Court cannot conclusively determine if allowing [a plaintiff] to amend his complaint would promote justice or be entirely futile."[11]

## B.    Discussion

Although Plaintiff does not specifically identify those factors considered for amendment, he generally contends his amendment is timely, because he learned additional facts in discovery to support his new claims against the proposed defendants in their

---

[8] *Carefusion 213, LLC v. Professional Disposables, Inc.*, No. 09–2616–KHV–DJW, 2010 WL 4004874, at *4 (D. Kan. Oct. 12, 2010) (citing *Minter*, 451 F.3d at 1204) (quoting *Hardin v. Manitowoc–Forsythe Corp.,* 691 F.2d 449, 456 (10th Cir. 1982)). *See also Somrak v. Kroger* Co., No. 17-2480-CM-GEB, 2018 WL 1726346, at *1 (D. Kan. Apr. 10, 2018) (granting plaintiff's motion to amend her complaint); *Endecott v. Commercial Floorworks, Inc*., No. 16-2190-JTM-GEB, 2017 WL 1650814, at *1 (D. Kan. May 2, 2017) (granting defendants' motion to leave to amend their answer to include a counterclaim).

[9] *See AK Steel Corp. v. PAC Operating Ltd. P'ship*, No. 15-9260-CM-GEB, 2016 WL 6163832, at *4 (D. Kan. Oct. 24, 2016) (collecting cases; internal citations omitted).

[10] Memorandum and Order, ECF No. 62 (available at *Carter v. Spirit Aerosystems, Inc*., No. 16-1350-EFM-GEB, 2017 WL 4865690, at *4 (D. Kan. Oct. 27, 2017)) (citing *Auld v. Value Place Prop. Mgmt. LLC*, 2010 WL 610690, at *14, n.79 (D. Kan. 2010) (citing *Barnes v. United States*, 173 F. App'x 695, 697 (10th Cir. 2006); *see also Santistevan v. Colo. Sch. of Mines*, 150 F. App'x 927, 931 (10th Cir. 2005) (holding that a pro se litigant must follow the same rules of procedure as other litigants).

[11] *Id.*

individual capacities, and seeks to correct deficiencies in his First Amended Complaint. Spirit opposes amendment on multiple factors: that Plaintiff failed to comply with D. Kan. Rule 15.1; his proposed amendment is unduly delayed; his proposed claims are futile; and the amendment would cause undue prejudice to Spirit if filed. Each issue is considered herein.

### 1. Failure to Comply with Local Rules

Plaintiff contends he was unaware he was required to submit his complete proposed amended pleading to his motion, and believed his motion for leave was merely a proposal, which would allow him to file his full pleading if his motion were granted. But the Court finds this argument unpersuasive. Even affording Plaintiff leniency as a pro se litigant, this is one of the very reasons his prior motion was denied, so Plaintiff was certainly on notice after the prior order. (*See* ECF No. 62). Although Plaintiff's motion could be denied on this basis, the Court also addresses the factors under Fed. R. Civ. P. 15.

### 2. Timeliness / Undue Delay

The actions by individuals Plaintiff seeks to add as defendants—his former managers at Spirit, Frederick and Myers, as well as Spirit HR representative Laura Breese—have all been known to Plaintiff since before this case was filed. His original Complaint contains allegations regarding Frederick's and Myers' actions (*see, e.g.*, ECF No. 1 at 3-4, 6-7, 29-31), as does his First Amended Complaint (*see* ECF No. 21 at 4-8) and his proposed Second Amended Complaint from September 2017. During Plaintiff's deposition, he testified as early as 2015, he believed Frederick, Myers, and Breese violated the FMLA and retaliated against him. (Carter Dep. 417-424 (Aug. 28, 2018), ECF No. 126-1 at 2-3.) Additionally,

Plaintiff's earlier claims against the Foulston law firm included allegations specific to Ms. Shulda, alleging she interfered with his FMLA rights by providing false information to the DOL. (Am. Compl., ECF No. 21 at 13; *see* Order, ECF No. 67 at 2.) That prior claim against Ms. Shulda is the same allegation he attempts to make in his newly-proposed amendment. (ECF No. 108-1 at ¶2.) And Plaintiff has repeatedly claimed the IAM interfered with his FMLA rights due to the way it handled his grievances. (*Compare* Am. Compl., ECF No. 21 at 14; *with* ECF No. 108-1 at ¶ 3.)

Plaintiff's proposed pleading comes more than three years after Plaintiff determined the individuals retaliated against him, two years after the case was filed, and a year after his prior proposed amendment was denied. Plaintiff knew or should have known—long before his current motion—of the facts upon which the proposed amendment is based, and knew or should have known that the proposed new defendants were possible defendants.[12] Even if recent discovery provided Plaintiff more *details* about the proposed defendants' involvement, this does not necessarily support an untimely amendment. The evidence to which Plaintiff alludes may lend specificity to his prior claims,[13] but does not support amendment at this juncture. Therefore, the Court finds his amendment unduly delayed.

Although undue delay alone is sufficient basis to deny Plaintiff's motion, the Court continues its analysis of the Rule 15 factors, as other factors also support denial.

---

[12] *Steinert v. The Winn Grp., Inc.*, 190 F.R.D. 680, 684 (D. Kan. 2000).

[13] *Banks v. St. Francis Health Center, Inc.*, No. 15-CV-2602-JAR, 2016 WL 4398932, *2 (D. Kan. Aug. 18, 2016) (denying plaintiff's motion to file third amended complaint as futile, noting that supposed "new" evidence produced during discovery merely lent specificity to the claims plaintiff had already made but which failed on motion to dismiss).

### 3. Futility

As the party opposing amendment, Spirit bears the burden of establishing its futility.[14] A proposed amendment is futile "if the 'amendment would not withstand a motion to dismiss or otherwise fails to state a claim upon which relief may be granted.'"[15] The proposed pleading is then analyzed using the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). To survive dismissal under a Fed. R. Civ. P. 12(b)(6) motion, "a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face."[16]

As an initial matter, Plaintiff's proposed amendment consists of conclusory statements and few facts or allegations which would support a prima facie case of any of the types of discrimination or retaliation he claims.[17] Amendment could be denied on this basis alone, although the court will more often deny the amendment without prejudice to permit a party to address the deficiencies. However, this Court is loathe to permit additional filings, considering Plaintiff's prior opportunities to amend and the questionable merits of the proposed claims.

This Court has grave concerns regarding the statute of limitations on the proposed FMLA claims against new defendants. The FMLA requires an employee to file suit "not

---

[14] *Neonatal Prod. Grp., Inc. v. Shields*, No. 13-2601-DDC-KGS, 2015 WL 1957782, at *2 (citing *Boykin v. CFS Enter., Inc*., No. 08–2249–CM–GLR, 2008 WL 4534400, at *1 (D. Kan. Oct. 6, 2008)).

[15] *Id*. (citing *Wenner v. Bank of Am., NA*, 637 F.Supp.2d 944, 950 (D. Kan. 2009) (quoting *Stewart v. Bd. of Comm'rs for Shawnee Cnty., Kan*., 216 F.R.D. 662, 664 (D. Kan. 2003)).

[16] *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[17] In his Proposed Second Amended Complaint, Plaintiff claims Spirit discriminated and retaliated against him under the ADA, discriminated and retaliated against him under the FMLA, and engaged in Workers Compensation retaliation. (ECF No. 108-1 at 1.) He claims Frederick, Myers, Breese, King, and Shulda, as well as the IAM, engaged in FMLA retaliation. (*Id*. at 1-2.)

later than [two] years after the date of the last event constituting the alleged violation for which the action is brought."[18] But Plaintiff's employment was terminated more than three years ago, on July 21, 2015 (ECF No. 21 at 21), and his prior administrative complaints before the National Labor Relations Board ("NLRB"), Equal Employment Opportunity Commission ("EEOC"), and DOL concluded over two years ago.[19] Plaintiff's proposed amendment would not "relate back" to his initial Complaint under the standards outlined in Fed. R. Civ. P. 15(c)(1).[20] As discussed above, Plaintiff does not appear to have been mistaken regarding the identify of proposed new defendants Frederick or Myers. And, neither Frederick nor King have been employed by Spirit since before Plaintiff filed this case, so neither of them would have had notice of the claims.

Even if the limitations period were not a barrier, Plaintiff's FMLA claims against the proposed individual defendants would likely fail. Courts in this District have found that human resources managers and supervisors—such as Frederick, Myers, and Breese—are not "employers" under the FMLA.[21] Also, in Judge Melgren's earlier ruling in this case, he

---

[18] 29 U.S.C. § 2617(c)(1).

[19] Plaintiff's proposed pleading does not include these dates; however, Defendant reports, and Plaintiff does not dispute, Plaintiff's NLRB complaints against Spirit and the IAM were concluded in January 2016; Plaintiff's EEOC charges were concluded in May 2015 and June 2016; and the DOL closed Plaintiff's complaints in April 2015 and November 2015. (*See* Def.'s brief, ECF No. 118 at 12, Ex. A; *see also* Pl.'s Am. Compl., ECF No. 21 at 16-17, 123, 131.)

[20] "Under Fed. R. 15(c)(3), an amendment adding a new party will relate back to the date of the original complaint only if three conditions are met: (1) the amended complaint involves the same transaction or occurrence as the original complaint; (2) the new party had notice of the action such that the party will not be prejudiced in maintaining a defense on the merits; and (3) the new party knew or should have known that but for a mistake in identity, the action would have been brought against him." *In re Estate of Kout v. United States*, 241 F. Supp. 2d 1183, 1191 (D. Kan. 2002) (citing *Alexander v. Beech Aircraft Corp.*, 952 F.2d 1215, 1226–27 (10th Cir.1991)).

[21] *See Williamson v. Deluxe Fin. Services, Inc.*, 03-2538-KHV, 2005 WL 1593603, at *9 (D. Kan. July 6, 2005) (finding individual defendants "did not have sufficient responsibility or stature within [the defendant company] to warrant the imposition of personal liability under the FMLA"); *see also*

determined attorneys acting in their capacities as Spirit's legal representatives—like proposed defendants King and Shulda—cannot be liable as "employers" under the FMLA.[22]

For the multitude of reasons stated above, the Court finds Plaintiff's proposed amendment to be futile, but continues to analyze the other factors for amendment.

### 4.    Undue Prejudice

As the party opposing the amendment, Spirit bears the burden to demonstrate undue prejudice within the meaning of Fed. R. Civ. P. 15.[23] Under Rule 15, "undue prejudice" means "undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories on the part of the movant."[24] While any amendment invariably causes some "practical prejudice," undue prejudice means that the amendment "would work an injustice to the defendant."[25]

The parties have been litigating this matter for more than two years. Spirit has submitted and responded to discovery from Plaintiff, and taken Plaintiff's lengthy deposition, which required some court intervention.[26] The current schedule, which is the third formal Scheduling Order in the case,[27] closes the discovery period in a matter of days.

---

*Mondaine v. Am. Drug Stores, Inc.*, 408 F. Supp. 2d 1169, 1186 (D. Kan. 2006) (manager was not an "employer" under the FMLA).

[22] *See* Memorandum and Order, ECF No. 67 (available at *Carter v. Spirit Aerosystems, Inc.*, No. 16-1350-EFM-GEB, 2017 WL 5270428, at *3 (D. Kan. Nov. 13, 2017)).

[23] *Carefusion 213*, 2010 WL 4004874, at *4 (internal citations omitted).

[24] *Id.* (citing *U.S. v. Sturdevant,* No. 07–2233–KHV–DJW, 2008 WL 4198598, at *3 (D. Kan. Sept. 11, 2008) (citing *Minter*, 451 F.3d at 1208; *Jones v. Wildgen,* 349 F. Supp. 2d 1358, 1361 (D. Kan. 2004))).

[25] *Id.* (citing *Sturdevant,* 2008 WL 4198598, at *3; other internal citations omitted).

[26] *See* Minute Entry, ECF No. 110 (discussing objections and rulings during Plaintiff's deposition) (Aug. 27, 2018).

[27] The first Scheduling Order was filed March 2, 2017. (ECF No. 15.) That schedule was stayed after Plaintiff amended his complaint, pending resolution of dispositive motions. (*See* ECF No. 32,

Permitting addition of six new defendants will lead to additional Rule 12 motion practice, and in the event any new defendants survive those motions, additional discovery will occur. This case—which is already belabored—could potentially be extended for well more than another year. This increases the litigation costs not just for Spirit, but also for Plaintiff.

Considering this "most important factor,"[28] given the age of the current litigation, and all the factors discussed above, the Court finds the addition of new parties and theories at this stage of litigation is unduly prejudicial. This case simply must move forward. As previously noted by another court in this District, "[a]lthough leave is to be freely granted to assure a party the opportunity to present a claim or defense, equal attention should be given to the proposition that there must be an end to a particular litigation."[29]

## C. Conclusion

Spirit does not accuse Plaintiff of bad faith; therefore, the Court does not analyze this Rule 15 factor. After thorough discussion and consideration of all arguments set forth by the parties, the Court finds the balance of factors weigh against amendment. Therefore, the Court **DENIES** Plaintiff's Motion for Leave to File Second Amended Complaint for the reasons stated above. (**ECF No. 108**.)

## III. Plaintiff's Motion to Compel (ECF No. 120)

The next pending motion filed by Plaintiff concerns Spirit's responses to discovery. During discovery, Spirit produced a 54-page privilege log, identifying that information

---

July 20, 2017.) A Revised Scheduling Order was later filed (*see* ECF No. 94, July 11, 2018), as well as a Second Revised Scheduling Order (ECF No. 113, Sept. 4, 2018).

[28] *Minter*, 451 F.3d at 1207 (noting, "The second, and most important, factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party.")

[29] *Steinert v. The Winn Grp., Inc.*, 190 F.R.D. 680, 684 (D. Kan. 2000).

which it believes is privileged from disclosure. Plaintiff now asks the Court to compel Spirit to produce all communications identified on the log, for two primary reasons. Plaintiff contends: 1) Spirit's in-house attorney, Dylan King, lied to the NLRB; and 2) Ms. Shulda engaged in improper ex parte communications with Plaintiff's former appointed attorney, Randall Rathbun (*see* discussion *infra*, Section III.B.2, p. 18). Plaintiff argues these actions of defense counsel support application of the "crime-fraud exception" to waive any privilege asserted by Spirit to the communications referenced on the privilege log.

Spirit argues the motion should be denied for multiple reasons; both technical concerns and on the merits. The arguments of the parties are addressed below.

### A.     Procedural Issues

Spirit presents three procedural reasons why Plaintiff's motion should be denied. First, it complains Plaintiff filed his motion one day late, which waives his objections, after this Court told him in no uncertain terms that he is expected to strictly comply with deadlines. Second, Spirit contends Plaintiff failed to comply with D. Kan. Rule 37.1, which requires him to attach a copy of any disputed requests to his motion, despite having been specifically instructed to do so by earlier order. Finally, Spirit argues Plaintiff did not comply with D. Kan. Rule 37.2, because he failed to confer with Spirit about every document on the privilege log. Each argument is briefly addressed.

### 1.     Untimeliness

In a prior order extending Plaintiff's deadline to file any motion to compel (ECF No. 106), this Court instructed Plaintiff he is expected to strictly comply with all deadlines. Although his initial motion to compel (ECF No. 112) was filed by the deadline, the

undersigned denied that motion for failure to comply with the local rules, and a new deadline of September 13, 2018 was set for Plaintiff's motion to compel. Plaintiff does not dispute he filed his motion on September 14 at 2:17 a.m., according to the Court's Electronic Filing System. Despite the Court's expectation and instruction that Plaintiff strictly comply with the deadlines, under these circumstances where the filing was just over two hours late, the Court prefers to consider the motion on the remaining disputed issues.

## 2. Failure to Comply with D. Kan. Rule 37.1

D. Kan. Rule 37.1(a) requires any motion to compel to "be accompanied by copies of the . . . portions of the . . . [discovery] requests or responses in dispute." Plaintiff filed an earlier motion, seeking to compel the same information from the privilege log. (ECF No. 112.) That motion was denied without prejudice, partially due to his failure to attach copies of the disputed discovery requests under D. Kan. Rule 37.1(a), but he was permitted an opportunity to refile it appropriately. (Order, ECF No. 115.) Now, having failed to do so a second time, even after explicit instruction, the Court is inclined to deny the motion outright.

Lack of compliance with this local rule is more than a mere technicality. Without a copy of the disputed requests—or in this case, the privilege log itself—the Court is unable to assess the validity of the privilege or the sufficiency of either Plaintiff's requests or Spirit's objections.[30] Although other courts may deny a motion on this basis without prejudice to

---

[30] *See Bell v. City of Topeka, Kan.*, No. 06-4026-JAR-KGS, 2007 WL 852635, at *1 (D. Kan. Mar. 20, 2007) (denying plaintiff's motion to compel, without prejudice to refiling, because plaintiff failed to attach the disputed discovery responses, finding the failure left the court "unable to ascertain and moreover [the court] will not speculate as to whether defendant's objections and/or responses to plaintiff's discovery were sufficient."). *See also Estate of McDermed v. Ford Motor*

permit the party to remedy the defect,[31] this is Plaintiff's second attempt after strict directions to comply. For these reasons, this failure weighs in favor of denying Plaintiff's motion.

### 3.     Failure to Confer under D. Kan. Rule 37.2

Spirit also contends Plaintiff failed to confer as required under D. Kan. Rule 37.2. Both D. Kan. Rule 37.2 and Fed. R. Civ. P. 37(a)(1) require a party to fully confer with the opposing side prior to filing a motion to compel discovery. The denial of Plaintiff's prior motion to compel (ECF No. 112) was also based on his failure to certify his conference with Spirit's counsel, and the Court expects Plaintiff would specifically heed this instruction when filing any new motion. (*See* Order, ECF No. 115.)

Spirit argues Plaintiff did not confer regarding all communications listed on the privilege log, but only conferred with Spirit's counsel about the withholding of communications between non-attorneys, which Spirit believed was resolved. Nor did Plaintiff confer with Spirit's counsel about his arguments related to piercing the privilege.

Failure to confer alone is a sufficient basis for denial of a discovery motion, which is another factor weighing in favor of denial of Plaintiff's motion. However, the Court recognizes that, given the history between the parties and the apparent trust issues Plaintiff

---

*Co.*, No. 14- 2430-CM-TJJ, 2016 WL 1069046, at *3 (D. Kan. Mar. 17, 2016) ("Plaintiffs' failures to comply with D. Kan. Rule 37.1(a) and D. Kan. Rule 7.1 are not mere technical deficiencies. There are important reasons for these rules—to ensure that the Court can adequately and properly address the issues raised, and to allow the opposing party a fair opportunity to respond to the issues raised.")

[31] *See, e.g.*, *Bell*, 2007 WL 852635, at *1 (denying plaintiff's motion to compel, without prejudice to refiling).

has with Spirit and counsel, it is likely the parties would still find themselves disputing the document production. Therefore, the Court continues to address the motion on the merits.[32]

## B.    Merits Arguments

Plaintiff argues all documents on the privilege log should be produced because the "crime-fraud exception" applies to pierce the privilege. He also believes Spirit counsel Ms. Shulda engaged in ex parte attorney communications with Mr. Rathbun, which he contends should waive the privilege. Although the Court finds neither argument availing, each is briefly discussed.

### 1.    Crime-Fraud Exception

Plaintiff's 2015 complaint to the NLRB alleged Spirit retaliated against him for his union activities. During the NLRB's review of that complaint, Mr. King (former Spirit in-house counsel) told the NLRB, in a December 2015 position statement, when the DOL previously investigated Plaintiff's two FMLA complaints, the DOL conducted a "complete" investigation and found no violations of law during either investigation. (*See* Pl.'s Motion, ECF No. 120 at 1-2; Def.'s Brief, ECF No. 123 at 13.)  Later, during discovery in this lawsuit, both Plaintiff and Spirit discovered the first DOL investigation actually did uncover one violation regarding Plaintiff's first complaint, but the DOL took no action on the violation. (Def.'s Brief, ECF No. 123 at 13-14.)  Additionally, the documents received in

---

[32] *See, e.g., CCPS Transp., LLC v. Sloan*, No. 12-2602-CM-KGS, 2013 WL 2405545, at *1 (D. Kan. May 31, 2013) (stating that although the court can deny a motion on procedural grounds for failing to meet and confer, the court is within its discretion to address the merits of the argument); *White v. Graceland Coll. Ctr. for Prof'l Dev. & Lifelong Learning, Inc.*, No. 07-2319, 2009 WL 722056, at *2 (D. Kan. March 18, 2009) (waiving non-compliance with duty to confer to avoid further delay of resolution of the matter); *Strasburg-Jarvis, Inc. v. Radiant Sys., Inc.*, No. 06-2552, 2009 WL 129361, at *2 (D. Kan. Jan. 20, 2009) (electing to address the merits of discovery dispute despite failure to confer).

discovery showed DOL characterized its investigation as "limited." (ECF No. 120 at 2; ECF No. 123 at 15.)  Plaintiff argues this is evidence of Spirit's counsel's intent to mislead the NLRB in order to achieve a ruling in their favor.

Spirit submits the information given to the NLRB in its December 2015 position statement was based upon a phone conversation with DOL personnel, which led Ms. Shulda and Mr. King to believe there were no violations, especially since no action was ever taken by the DOL. Additionally, Spirit contends the breadth of information the DOL requested from Spirit (contained in a letter from the DOL, attached as an exhibit to Spirit's briefing) led Spirit to believe it was a complete investigation, and the DOL did not represent otherwise. Spirit claims they did not know about the violation, or the DOL's characterization of a "limited" investigation, until they received DOL documents from a Freedom of Information Act request for this case, almost two years later, in 2017. (ECF No. 123, at 14-15.)

The crime-fraud exception to privilege applies where a client (here, Spirit) consults an attorney (Mr. King and Ms. Shulda) to further a crime or fraud.  As the party claiming the exception applies, Plaintiff "must present prima facie evidence that the allegation [of a crime or fraud] . . . has some foundation in fact.  The trial court has discretion to determine whether the party has established a prima facie case" of the crime-fraud exception.[33] Although courts disagree on the precise standard by which to determine a such a prima facie showing,

---

[33] *AKH Co. v. Universal Underwriters Ins. Co.*, No. 13-2003-JAR-KGG, 2014 WL 2991130, at *8 (D. Kan. July 3, 2014) (citing *Berroth v. Kansas Farm Bureau Mutual Ins. Co., Inc.*, 205 F.R.D. 586 (D. Kan. 2002) (citing *United States v. Zolin*, 491 U.S. 554, 563–64 n. 7 (1989)) (other internal citations omitted).

> at a bare minimum, before the court even has an obligation to consider whether to conduct an in camera review of the privileged material, the party invoking the crime-fraud exception must make a threshold showing of a factual basis that is 'adequate to support a good faith belief by a reasonable person that in camera review of the materials may reveal evidence to establish the claim that the crime-fraud exception applies.[34]

To demonstrate a prima facie case of fraud, Plaintiff must show Spirit's counsel made "an untrue statement of fact, known to be untrue by the party making it, made with the intent to deceive or recklessly made with a disregard for the truth, where another party justifiably relies on the statement and acts to his injury."[35]

Here, Plaintiff claims, and defense counsel does not deny, Spirit's December 2015 position statement to the NLRB was inaccurate, so Plaintiff may satisfy the first element of fraud. Even so, Plaintiff is unable to satisfy the remaining elements of a prima facie fraud claim. Through her proffer as an officer of the court, Ms. Shulda has convincingly explained how the error occurred, and Plaintiff offers no evidence to the contrary. Plaintiff has simply provided no evidence to demonstrate either Spirit's counsel knew the 2015 position statement to contain untruths at the time it was made, or counsel acted with intent to deceive the NLRB, aside from his own opinion. Finally, Plaintiff fails to allege, let alone provide evidence, that either he or the NLRB justifiably relied on the statements regarding any DOL violation or the thoroughness of the DOL investigation.

---

[34] *AKH Co.*, 2014 WL 2991130, at *9 (citing *Berroth*, 205 F.R.D. at 589-90) (citing *Zolin*, 491 U.S. at 572) (other internal citations omitted)).

[35] *Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, No. 01-2193-JWL, 2002 WL 1822404, at *5 (D. Kan. June 13, 2002) (citing *K–B Trucking Co. v. Riss Int'l Corp.*, 763 F.2d 1148, 1156 (10th Cir.1985) (other internal citations omitted); *see also Hale v. Emporia State Univ.*, No. 16-4182-DDC-TJJ, 2018 WL 1609552, at *4 (D. Kan. Apr. 3, 2018) (noting, "federal common law defines fraud using the same elements as Kansas law.").

Plaintiff's beliefs regarding defense counsel's actions and intentions are insufficient to meet his burden.[36] Because Plaintiff fails to demonstrate a prima facie case of fraud, and does not claim Spirit's counsel committed a crime, the crime-fraud exception is not applicable. Further, the Court finds an in camera examination of the documents contained on the privilege log is unnecessary, because Plaintiff did not sufficiently demonstrate "a factual basis adequate to support a good faith belief by a reasonable person" that the crime-fraud exception applies.[37]

## 2. Ex Parte Communications Between Counsel

Plaintiff also contends the privileged status of all documents listed on Spirit's privilege log is waived because Ms. Shulda engaged in "ex parte" communications with Plaintiff's former appointed counsel.

This Court provisionally appointed Mr. Rathbun to represent Plaintiff on May 22, 2017. (Order, ECF No. 20.) One month later, Plaintiff filed his Amended Complaint without Mr. Rathbun's assistance, adding the Foulston law firm and the IAM as defendants. (ECF No. 21.) At a July 20, 2017 status conference, Mr. Rathbun asked to withdraw from representing Plaintiff, citing conflicts with both his friendship with attorneys at Foulston and his concurrent representation of an individual affiliated with IAM. (Order, ECF No. 32; *see* Pl.'s Motion, ECF No. 120 at 3.)

Plaintiff now believes, after discussion with Ms. Shulda during his deposition and after reviewing her response to his motion for leave to amend, that Ms. Shulda spoke

---

[36] *AKH Co.*, 2014 WL 2991130, at *9 (noting "Defendant cannot meet its burden with "beliefs" and conclusory statements.")
[37] *Hale v. Emporia State Univ.*, No. 16-4182-DDC-TJJ, 2018 WL 1609552, at *4 (D. Kan. Apr. 3, 2018) (*citing Zolin*, 491 U.S. 572).

directly to Mr. Rathbun during his short representation of Plaintiff. Because Ms. Shulda used the phrase "Plaintiff's _intent_ to add the IAM as a defendant", Plaintiff now believes Mr. Rathbun "tipped off" defense counsel about Plaintiff's plan to add the IAM as a defendant. However, Plaintiff does not adequately explain how the alleged communication would have been harmful, nor does he cite to any authority to support his theory that such a communication would have waived the privileged nature of any document included on Spirit's privilege log.

Although Ms. Shulda denies any knowledge of Plaintiff's intent to add the IAM prior to his filing the Amended Complaint, whether Ms. Shulda and Mr. Rathbun actually communicated is irrelevant to this dispute. Communications between counsel are not only commonplace, but are encouraged by local rules and guidelines[38] and the federal rules.[39] In fact, during the time Mr. Rathbun represented Plaintiff, Spirit's counsel was obligated by the Kansas Rules of Professional Conduct to communicate with Mr. Rathbun, and not directly with Plaintiff.[40] Finding nothing improper, and in light of Plaintiff's failure to present any authority for his position, Plaintiff's request to pierce the privilege is denied on this basis.

**C. Conclusion**

In filing his Motion to Compel, Plaintiff failed to comply with D. Kan. Rules 37.1 and 37.2. Even aside from these procedural concerns, Plaintiff failed to meet his burden to

---

[38] _See, e.g._, D. Kan. Rule 37.2 (requiring opposing parties to confer regarding discovery disputes), and the Pillars of Professionalism (_see_ Memorandum and Order, adopting the Pillars of Professionalism (Oct. 19, 2012) (available at http://www.ksd.uscourts.gov/pillars-of-professionalism-joint-order); _see also United States v. Shelton_, No. 14-10198-EFM, 2015 WL 7078931, at *3 n. 16 (D. Kan. Nov. 13, 2015) (adopting the Pillars previously embraced by the members of the Kansas Bar)).

[39] _See, e.g._, Fed. R. Civ. P. 37(a)(1) (requiring opposing parties to "in good faith confer[] or attempt[] to confer with" an opposing party regarding a discovery dispute).

[40] Kan. S. Ct. R. 226, KRPC 4.2, "Communication With Person Represented by Counsel."

demonstrate the applicability of the crime-fraud exception, and presented no authority to support his claim of inappropriate conduct on the part of counsel.  For the reasons stated above, Plaintiff's Motion to Compel the documents listed in Spirit's privilege log (**ECF No. 120**) is **DENIED**.

**IV.    Spirit's Motion for Extension of Time to File a Motion to Compel (ECF No. 122)**

After Plaintiff submitted responses to Spirit's discovery requests, Spirit discovered during Plaintiff's deposition that Plaintiff had not produced information to support his damages claims; had not supplemented his responses with additional jobs for which he had applied; had not listed all his health care providers, and he had not provided all documents received from the NLRB.  (Def.'s Motion, ECF No. 122 at 2.) Spirit asked Plaintiff to supplement his discovery responses, and filed this motion seeking additional time for the parties to confer regarding Plaintiff's planned supplements.

After discussion with the parties at the October 12, 2018 hearing, the Court found Spirit's motion (ECF No. 122) to be **MOOT**. During the hearing, Plaintiff provided Spirit the information previously requested regarding healthcare providers and NLRB documents. Plaintiff was also ordered to provide Spirit the requested information on damages and on his job history no later than October 19, 2018.  (*See* Order, ECF No. 128.)

**V.    Expenses under Fed. R. Civ. P. 37(a)(5)(B)**

Because Plaintiff's motion to compel was denied, Fed. R. Civ. P. 37(a)(5)(B) requires the court to order the movant to pay the opposing party its reasonable expenses in

opposing the motion, unless the motion was substantially justified or circumstances make such an award unjust.

Although Spirit mentions fees in a footnote in its briefing (ECF No. 123 at 19 n. 9), it did not raise the issue during oral arguments, and Plaintiff was not permitted an opportunity to respond. Although Plaintiff's pro se status certainly does not entitle him to pursue non-meritorious positions or neglect his duty to comply with local and federal rules, the Court finds his efforts to pursue his case according to the rules are genuine. Additionally, throughout the life of this case, the Court has been made aware of Plaintiff's financial difficulties, and recognizes any award of expenses against Plaintiff is likely to create a significant hardship, and would only serve to frustrate not only the progress of this case, but also the tenuous relationship between Plaintiff and defense counsel. Under these circumstances, the Court finds an award of expenses to be unjust under Rule 37(a)(5)(B), and finds it appropriate for the parties to bear their own expenses incurred relating to the motions to compel considered herein.

However, declining to order expenses in this instance does not create immunity to later requests for fees regarding separates motions to compel. Plaintiff is on notice that any future motions to compel discovery must comply with the rules stated herein.

## VI. Conclusion

For the reasons stated above, **IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint (**ECF No. 108**) is **DENIED**; 2) Plaintiff's Motion to Compel (**ECF No. 120**) is **DENIED**; and 3) Spirit's Motion for Extension of Time to file a motion to compel (**ECF No. 122**) is found **MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time to File a Motion to Reconsider the Court's orders (**ECF No. 130**) is **GRANTED** for good cause shown, and as unopposed. The 14-day time in which Plaintiff must file any motion for reconsideration of the above rulings by the undersigned magistrate judge under D. Kan. Rule 7.3(b), or a motion for review by the district judge under D. Kan. Rule 72.1.4(a) and Fed. R. Civ. P. 72(a), does not begin until the date this written order is filed.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 13th day of November, 2018.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge