# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARK ANTHONY CARTER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 16-1350-EFM-GEB |
| SPIRIT AEROSYSTEMS, INC., | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's two Motions to Quash Subpoenas (**ECF Nos. 131, 138**). After consideration of the parties' briefing, the Court **DENIES** Plaintiff's motions for the reasons stated below.

## I. Background

The nature of this 2016 case has been explored numerous times in prior orders, and will not be repeated in detail here. (*See, e.g.*, ECF Nos. 20, 62, 64, 67.) Briefly, Plaintiff claims his former employer, defendant Spirit Aerosystems, Inc. ("Spirit"), unlawfully terminated him in violation of the Americans with Disabilities Act ("ADA")[1] and Family and Medical Leave Act ("FMLA").[2] He contends his termination was a result of discrimination and in retaliation for making formal complaints about Spirit's treatment of him. Plaintiff seeks $2.5 million in emotional distress damages for the pain and suffering his entire family has endured as a result of his termination. (ECF No. 21 at 15.)

---

[1] 42 U.S.C. §§ 12101 et seq.
[2] 29 U.S.C. § 2601 et seq.

The discovery period is set to end November 30, 3018; however, shortly prior to the close of discovery, Plaintiff filed two motions to quash subpoenas issued by Defendant. The first motion seeks to quash two documents subpoenas to Plaintiff's medical providers at Wesley Medical Center and Via Christi Clinic. (ECF No. 131.) The second motion seeks to quash a deposition subpoena to Plaintiff's wife. (ECF No. 138.) Each motion is addressed in turn.

## II. Legal Standards

Plaintiff's request to quash the subpoenas and issue a protective order implicates two primary Federal Rules of Civil Procedure: provisions under Rule 45, and provisions under Rule 26. Each rule is addressed in turn.

### A. Fed. R. Civ. P. 45

Fed. R. Civ. P. 45 provides guidelines for the issuance of subpoenas to non-parties. Rule 45(d)(3)(A) requires the court to quash or modify a subpoena that requires disclosure of privileged or protected information or subjects a person to undue burden. Although Rule 45 does not specifically include relevance or overbreadth as bases to quash a subpoena, "this court has long recognized that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and Rule 34."[3] "A motion to quash a subpoena must be made by the party to whom the subpoena is directed, except in circumstances in which a

---

[3] *Martinelli v. Petland, Inc.,* No. 10-mc-407-RDR, 2010 WL 3947526, at *3 (D. Kan. Oct. 7, 2010) (internal citations omitted); *Martin v. Grp. 1 Realty, Inc.*, No. 12-2214-EFM-DJW, 2013 WL 3322318, at *2 (D. Kan. July 1, 2013).

2

party challenging the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena."[4]

B. Fed. R. Civ. P. 26

Rule 26(b)(1) permits discovery of "any non-privileged matter that is relevant to any party's claim or defense." Relevance, at discovery, is broad,[5] and does not mean the information obtained would necessarily be admitted at trial. If the party seeking discovery meets its initial, minimal burden to demonstrate its request is relevant on its face,[6] the resisting party cannot rely upon a conclusory statement that the requested discovery is irrelevant.[7] It "must either demonstrate the discovery sought does not come within the broad scope of relevance defined in Rule 26(b)(1), or that it is of such marginal relevance that the potential harm caused by the discovery would outweigh the presumption in favor of broad disclosure."[8] "Courts should lean towards resolving doubt over relevance in favor of discovery,"[9] and the court has broad discretion over discovery matters and to decide when a protective order is appropriate.[10]

---

[4] *Scott v. Raudin McCormick, Inc.*, No. 08-4045-EFM, 2008 WL 11381380, at *4 (D. Kan. Oct. 27, 2008) (citing *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 685 (D. Kan. 1995)).
[5] *See Speed Trac Techs., Inc. v. Estes Exp. Lines, Inc.*, No. 08-212-KHV, 2008 WL 2309011 at *3 (D. Kan. June 3, 2008).
[6] *Speed Trac*, 2008 WL 2309011, at *2 (citing *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.,* No. 05–2164-MLB-DWB, 2007 WL 2122437, at *4 (D. Kan. July 20, 2007).
[7] *XPO Logistics Freight*, No. 16-MC-224-CM-TJJ, 2016 WL 6996275, at *4 (citing *Speed Trac*, 2008 WL 2309011, at *3).
[8] *Id*.
[9] *Folger v. Medicalodges, Inc.*, No. 13-1203-MLB-KMH, 2013 WL 6244155, at *2 (D. Kan. Dec. 3, 2013) (citing *Jackson v. Coach, Inc.*, No. 07–2128–JTM–DWB, 2008 WL 782635, at *4 (D. Kan. Mar. 20, 2008); *Teichgraeber v. Mem'l Union Corp. of Emporia State Univ.*, 932 F. Supp. 1263, 1266 (D. Kan. 1996)).
[10] *See S.E.C. v. Merrill Scott & Assoc., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) ("The district court has broad discretion over the control of discovery ...") (internal citations omitted); *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 244 (D. Kan. 2010) ("Federal Rule of Civil

Additionally, under Rule 26(b), the scope of discovery must be "proportional 'to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.'"[11] "A subpoena that seeks irrelevant, overly broad, or duplicative discovery causes undue burden, and the trial court may quash it on those bases."[12]

Rule 26(c) allows the court, for good cause, to issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. The Court then has broad discretion to utilize such a protective order to specifically define and/or narrow the disclosure or discovery, including the terms, timing, and method of discovery.[13]

With these standards in mind, the Court reviews each motion to quash.

### III. Plaintiff's Motion to Quash or Modify Subpoenas for Medical Records (ECF No. 131)

During a hearing held before the undersigned on October 12, 2018, regarding a potential motion to compel by Defendant (and other disputes), the Court and parties specifically discussed Plaintiff's medical records. (*See* Mem. and Order, ECF No. 133; *see* Transcript, ECF No. 134 at 41, 44-47.) Essentially, Defendant claimed it discovered during

---

Procedure 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.") (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

[11] *Gilbert v. Rare Moon Media, LLC*, No. 15-MC-217-CM, 2016 WL 141635, at *4 (D. Kan. Jan. 12, 2016) (citing Fed. R. Civ. P. 26(b)).

[12] *Rare Moon,* 2016 WL 141635, at *4 (citing *Heartland Surgical Specialty Hosp.,* 2007 WL 2122437, at *5).

[13] Fed. R. Civ. P. 26(c)(1)(A)-(H).

Plaintiff's deposition in August 2018 that he failed to disclose certain medical providers who treated him from January 1, 2013 to present, which are relevant to both Plaintiff's underlying claims and his damages. Defendant planned to compel Plaintiff to identify those providers. During the hearing, Plaintiff orally identified two immediate care providers: "Wesley on Hillside" and Via Christi "Immediate Care on Ridge," who treated him during the relevant period. (ECF No. 134 at 45-46.) The records subpoenas issued by Defendant, now opposed by Plaintiff, are directed to Wesley Medical Center and Via Christi Clinic for Plaintiff's records dated January 1, 2013 to the present. (ECF No. 131-1, 131-2.)

Although Plaintiff acknowledges he previously signed a waiver for production of the records, and he did not object to production of the records during the prior hearing, he has now determined he is not required to waive his right to privacy in the records, which he believes are irrelevant to this proceeding. (Motion, ECF No. 131.) But Defendant contends the Court has already ordered the information sought is subject to discovery; the subpoenas seek relevant, non-privileged information; and Plaintiff's privacy concerns are adequately addressed by the Protective Order. (Response, ECF No. 135.) In its response, Defendant does not take issue with Plaintiff's standing to object to the subpoenas, and the Court finds Plaintiff clearly has a personal right to access and privacy of his medical records.

As a threshold matter, this Court has previously discussed these very records with both parties, in open court, and is loathe to reconsider its prior order. Additionally, it finds Plaintiff failed to provide good cause for the Court to quash or modify the subpoenas. Plaintiff's medical condition is clearly at issue in this case, both as a basis for his absences from work and his alleged inability to comply with Defendant's call-in policy, and as a basis

for his significant demand for emotional distress damages. Any privacy concern Plaintiff has regarding disclosing his medical information to Defendant is outweighed by the fact that he has placed his medical condition at issue in this case, and the information is now relevant to his lawsuit. Furthermore, to the extent he is concerned about his medical records being utilized or disclosed outside this case, those concerns are addressed by the Protective Order currently governing the disclosure of information in this litigation. (Protective Order, ECF No. 14.) Confidentiality does not equate to privilege, and privacy is not a valid reason to prohibit disclosure of records. [14]

Because the information sought by Defendant's intended subpoenas appears, on its face, to be relevant to Plaintiff's claims, the Court finds the request meets the broad definition of relevance under Rule 26(b). Moreover, Plaintiff's objections regarding confidentiality do not meet the standard of "good cause" for a protective order under Rule 26(c). Plaintiff's motion to quash (**ECF No. 131**) is **DENIED**, and Defendant is permitted to serve its subpoenas on Plaintiff's medical providers as proposed.

**IV.     Plaintiff's Motion to Quash Subpoena Issued to his Wife (ECF No. 138)**

On November 7, 2018, defense counsel emailed Plaintiff to notify him of her intent to depose Plaintiff's wife. (*See* email from Ms. Shulda to Plaintiff, ECF No. 138-2, dated Nov. 7, 2018.) After multiple emails between the parties, they could not reach an

---

[14] *See, e.g.*, *E.E.O.C. v. Thorman & Wright Corp.*, 243 F.R.D. 426, 430 (D. Kan. 2007) (noting "as this Court has previously held, 'a concern for protecting confidentiality does not equate to privilege'") (citing *DIRECTV, Inc. v. Puccinelli,* 224 F.R.D. 677, 682 (D. Kan. 2004); *Sonnino v. Univ. of Kan. Hosp. Auth.,* 220 F.R.D. 633, 642 (D. Kan. 2004)).

agreement.[15]  On November 21, 2018, Defendant personally served Plaintiff's wife with a subpoena to appear for her deposition on November 28, 2018. (Notice of Service, ECF No. 137.)  Ms. Carter was provided with witness fees and mileage for the deposition, as required by Rule 45. (ECF No. 137-1 at 4.)  On November 27, Plaintiff filed a motion to quash the subpoena.  (ECF No. 138.)

Defendant's response to Plaintiff's motion is due on December 11, 2018.  However, upon review of Plaintiff's motion, and considering the upcoming discovery and pretrial deadlines, the Court has determined it does not require Defendant's response to decide Plaintiff's motion.

As a threshold issue, the Court has some concern regarding Plaintiff's standing to seek to quash the subpoena to his wife.  To the extent Defendant wishes to elicit testimony from Ms. Carter regarding her relationship with Plaintiff, he may have a personal right in that information; however, to the extent Defendant seeks information regarding Ms. Carter's own medical information or personal thoughts regarding the stress on her or her family, Plaintiff does not have a personal right or privilege with respect to such information.  Furthermore, Plaintiff offers no argument regarding his personal right to be protected or that the information sought from Ms. Carter is privileged.  Because Plaintiff bears the burden to make a showing that he has a personal right to the information or the information is subject to privilege, and he failed to make that argument, the Court could deny his motion for lack of standing.

---

[15] Given the history of this litigation, and upon review of the emails between defense counsel and Plaintiff, the Court finds the parties adequately conferred as required by D. Kan. Rule 37.2.

But the Court does not need to make this determination. Even if Plaintiff *had* demonstrated standing, "protective orders seeking to prohibit depositions altogether are generally not granted unless the information sought by the deposition has no possible relevance to the claims or defenses in the case."[16] Here, the Court finds the information sought by Defendant to be relevant. Plaintiff has repeatedly mentioned, as a basis for his damages, the stress on his wife and family resulting from his loss of employment. In addition, Plaintiff's absences from work—which formed the basis for his termination—were in some instances reported by his wife, and were due, at least in some part, to his claims of his wife's own ill health. (*See, e.g.*, ECF No. 21 at 86, 94.)

Although Plaintiff contends his wife's emotional and/or mental health may be jeopardized by subjecting her to a deposition, Defendant clearly offered to reconsider the deposition if Ms. Carter could provide certification from a medical professional to support this claim. (*See* ECF No. 138-2, at 2.) However, none was apparently provided, and the conclusory statements provided by Plaintiff are not sufficient to satisfy his burden when seeking a protective order.[17] And, neither Plaintiff nor Ms. Carter have attempted to make a showing of privilege, and the Court finds no basis for the same. Therefore, the Court finds the information sought from Ms. Carter is not privileged, and is relevant to Plaintiff's claims. For these reasons, the Court finds Plaintiff has not met his burden to show good cause to preclude Defendant from deposing Ms. Carter.

---

[16] *United States v. Malik*, No. 15-CV-9092-CM-TJJ, 2016 WL 3077355, at *5 (D. Kan. June 1, 2016).

[17] *See, e.g.*, *Stewart v. Mitchell Transp.*, No. 01-2546-JWL-DJW, 2002 WL 1558210, at *6 (D. Kan. July 11, 2002) (finding defendant's conclusory statements that plaintiffs seek to annoy, harass, and embarrass him through the subpoenas were insufficient to satisfy his Rule 26(c) burden).

The parties also disagree on the location of Ms. Carter's deposition. (*See* ECF No. 138-2.) Although Fed. R. Civ. P. 30 does not dictate where depositions may be taken, the examining party is generally permitted to designate the location of its noticed deposition, subject to the Court's power under Rule 26(c) to enter a protective order designating a different location.[18] Defense counsel noticed the deposition to occur at counsel's office, in the same city where Plaintiff resides, and provided Plaintiff with a well-reasoned basis for doing so. (*See* ECF No. 138-2, at 2.) However, because Plaintiff's deposition occurred in the U.S. Courthouse, he believes his wife's deposition should also take place there.

This Court has broad discretion to decide if a protective order moving the deposition location is appropriate, and Plaintiff bears the burden to show good cause for such an order.[19] Considering Defendant's arguments regarding the increased cost it incurred during Plaintiff's courthouse deposition, weighed against Plaintiff's conclusory allegations, the Court finds Plaintiff fails to meet his burden. Although Plaintiff is concerned about the Court's presence in the event of a dispute during the deposition, the parties are reminded the Court is available by telephone to resolve any disputes which may occur.

Because the information sought by Defendant's subpoena of Plaintiff's wife appears, on its face, to be relevant to Plaintiff's claims, the Court finds the request meets the broad definition of relevance under Rule 26(b). Moreover, Plaintiff's conclusory objections do not meet the standard of "good cause" for a protective order under Rule 26(c). Plaintiff's

---

[18] *Shockey v. Huhtamaki, Inc.*, 280 F.R.D. 598, 600 (D. Kan. 2012) (citing Fed. R. Civ. P. 30(b)(1) and *Gipson v. Sw. Bell Tel. Co.*, No. 08–2017–KHV–DJW, 2008 WL 4499972, at *4 (D. Kan. Oct. 1, 2008)).
[19] *Shockey*, 280 F.R.D. at 600 (citing *Bryan v. Eichenwald*, 191 F.R.D. 650, 651–52 (D. Kan. 2000) and *MGP Ingredients, Inc. v. Mars, Inc.*, 245 F.R.D. 497, 500 (D. Kan. 2007) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984))).

motion to quash (**ECF No. 138**) is **DENIED**, and Defendant is permitted to depose Ms. Carter as proposed.  Said deposition must occur **within 14 days** of the filing of this order.

V.     **Conclusion**

For the reasons stated above, **IT IS THEREFORE ORDERED** that Plaintiff's Motion to Quash or Modify two subpoenas for medical records (**ECF No. 131**) is **DENIED**; and Plaintiff's Motion to Quash the subpoena issued to his wife (**ECF No. 138**) is **DENIED**.

**IT IS FURTHER ORDERED** that the deposition of Ms. Carter must occur **within 14 days** of the filing of this order, at the location selected by Defendant.

**IT IS FURTHER ORDERED** that, in light of the numerous prior extensions of the discovery period, discovery is extended <u>solely</u> for the limited purpose of completing the discovery sought in the disputed subpoenas.  Aside from these issues, discovery is closed as of November 30, 2018, and the pretrial conference will proceed as scheduled on December 19, 2018.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 29th day of November, 2018.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge
